757 So.2d 586 (2000)
Jeffrey JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-311.
District Court of Appeal of Florida, Second District.
May 10, 2000.
PER CURIAM.
Jeffrey Johnson appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for an evidentiary hearing.
On April 30, 1997, Johnson pleaded guilty to one count of lewd and lascivious act on a child and no contest to seven other sexual offenses. He was sentenced to thirty years in prison, to be followed by two consecutive fifteen-year terms of probation. Johnson alleges that the State offered him a fifteen-year prison sentence to be followed by fifteen years of probation, and that his attorney advised him to refuse the offer. According to Johnson, his attorney assured him that if he entered an open plea to the charges, he would receive no more than two years of house arrest, to be followed by probation. Johnson seeks to withdraw his plea, claiming that the erroneous advice of his counsel rendered his plea involuntary.
The trial court denied Johnson's motion, reciting in the order that the plea colloquy and signed plea form refuted his claim. The order described the colloquy in which Johnson was questioned as to whether any promises were made to him to induce him to plead, and Johnson answered negatively. *587 Although a portion of the plea colloquy is attached to the order, it does not address whether any promises were made to Johnson and does not refute his claim.
Even if the court had questioned Johnson as to whether any promises were made to him, the fact that this inquiry occurred would not refute his claim. See State v. Leroux, 689 So.2d 235 (Fla.1996). To defeat a claim that a defendant entered a plea based on erroneous advice of trial counsel concerning the length of the prison sentence that will be imposed, the court must have addressed this specific issue with the defendant. See id. at 238.
The trial court also found that because Johnson was informed prior to his plea of what his potential sentence was, his claim was without merit. However, Johnson's awareness of the maximum sentence he faced does not vitiate his claim that his attorney had assured him that his actual sentence would be much less than the maximum. Accordingly, an evidentiary hearing must be conducted to determine whether counsel was ineffective and gave erroneous advice concerning the potential sentence faced by Johnson.
Reversed and remanded.
BLUE, A.C.J., and FULMER and CASANUEVA, JJ., Concur.