843 So.2d 1046 (2003)
Johnny L. CHANDLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5641.
District Court of Appeal of Florida, Second District.
May 9, 2003.
FULMER, Judge.
Johnny L. Chandler appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for an evidentiary hearing.
On April 10, 2000, Chandler entered a plea of no contest to eleven drug charges. A month later, he was sentenced to a total of twenty-five years in prison. In his motion, Chandler claimed that his plea was involuntary because he entered it in reliance on counsel's erroneous advice. He claimed that his counsel told him he would only receive ten years in prison. Chandler seeks to withdraw his plea.
The trial court denied this claim on the basis that the transcript of the plea colloquy demonstrated that no promises were made in regard to Chandler's sentence. The trial court attached the record of the plea colloquy, which indicated that Chandler was informed by the State that the *1047 State made no promises regarding the sentence he was to receive. The record also indicates that the trial court informed Chandler of the maximum sentence he could receive for all of the offenses.
We conclude that the record attached by the trial court is insufficient to refute Chandler's claim. In order for the record to refute Chandler's claim that he relied on counsel's misadvice, the court must have inquired as to whether Chandler's counsel made him promises regarding the length of sentence that he would receive. See Johnson v. State, 757 So.2d 586, 587 (Fla. 2d DCA 2000) (citing State v. Leroux, 689 So.2d 235 (Fla.1996)). Since the record does not indicate that the court addressed this specific issue with Chandler, we reverse and remand this claim for the trial court to conduct an evidentiary hearing to determine if Chandler's counsel misadvised him regarding the ten-year sentence. See id. If the trial court again summarily denies this claim, it must attach portions of the record which conclusively demonstrate that Chandler did not rely on the misadvice of counsel.
We advise Chandler that if he is allowed to withdraw his plea, he assumes the risk of receiving a harsher sentence. See Jones v. State, 834 So.2d 226, 227 (Fla. 2d DCA 2002) (citing Mitchell v. State, 521 So.2d 185 (Fla. 4th DCA 1988)).
Reversed and remanded.
ALTENBERND, C.J., and KELLY, J., Concur.