895 So.2d 1122 (2005)
Jessie L. HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-301.
District Court of Appeal of Florida, Fourth District.
February 2, 2005.
Rehearing Denied April 6, 2005.
*1123 Jessie L. Hill, Wewahitchka, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellant.
STONE, J.
We affirm an order denying Hill's motion to withdraw his plea. Hill was charged with possession of a firearm by a convicted felon and carrying a concealed firearm. He pled no contest and was sentenced to maximum sentences of thirty years in prison on one count and ten years on the other. Hill filed a motion to withdraw his plea, claiming that his plea was involuntary because his counsel had represented to him that he would receive less than the maximum sentences if he pled no contest and that if his counsel had not advised him of this, he would not have entered the plea. We conclude that the trial court did not err in failing to hold an evidentiary hearing on Hill's motion.
The trial court summarily denied Hill's motion, attaching a transcript of the plea colloquy and a copy of the written plea form. These demonstrate that Hill acknowledged that no one had made any promises or guarantees in reference to his plea and that he was advised that he faced a maximum penalty of thirty years in prison for count one and ten years in prison for count two.
In appealing the denial of a motion to withdraw a plea, "the burden rests on the defendant to show the trial court abused its discretion in denying the defendant's motion." Robinson v. State, 761 So.2d 269, 274 (Fla.1999). A defendant's allegations may be refuted by examining both the plea colloquy transcript and the plea agreement itself for statements which conclusively refute such allegations.
Here, the transcript reflects that the trial court asked and Hill responded affirmatively, that he was advised of, and understood, the maximum and minimum penalties for the charges and that the only representation made by the court was that the sentence would not exceed the maximum sentence allowed. The court stated:
[THE COURT STATED]: Do you understand the maximum penalty for possession of a firearm by a convicted felon is 30 years in prison as a habitual felony offender.
[HILL RESPONDED]: Yes.
[THE COURT STATED]: And there is minimum mandatory term of three years in prison under the 10-2-life [sic] statute, that being Florida Statute 775.087. Do you further understand that?
[HILL RESPONDED]: Yes.
[THE COURT STATED]: Do you further understand classification as a habitual felony offender would result in the statutory ineligibility for certain gain time and early release credits? [HILL RESPONDED]: Yes.
[THE COURT STATED]: Do you further understand that the maximum penalty for Count II, carrying a concealed firearm, is ten years Florida State Prison as a habitual felony offender?
[HILL RESPONDED]: Yes.
[THE COURT STATED]: Do you understand that the Court would have to run the sentences for Count I and Count II concurrently, that is at the same time?
[HILL RESPONDED]: Yes, Sir.

*1124 * * *
[THE COURT STATED]: Do you understand that the only representations that this Court is making to you, based on your plea of no contest, is that the Court's sentence would not exceed the maximum sentence provided by law, which is 30 years in prison as a habitual felony offender on Count I with a minimum mandatory term of three years in prison and ten years on Count II, to be run concurrently. That is the only representation the Court is making to you is that the Court's sentence would not exceed those limits. Do you understand that?
[HILL RESPONDED]: Yes, Sir.
Further, the signed waiver of rights refutes Hill's other allegations, by confirming to the court that no one had made any promises or guarantees in reference to his plea.
We recognize that the Florida Supreme Court noted in State v. Leroux, 689 So.2d 235, 237 (Fla.1996), that "[t]here may also be a difference between a `promise' as commonly understood, and an attorney's expert advice to his client.... Supplying such advice is not necessarily a promise of an outcome." We conclude, however, that there is a significant difference between claims of misadvice of counsel as to gain time, release dates, or similar matters, and claims of misadvice as to the potential sentence that the court may impose following the plea. The issue in Leroux involved a claim concerning counsel's advice as to the estimated time for the defendant's release from prison.
Here, the sentence to be imposed is the primary remaining matter directly before the court at the time of the plea and is patently the subject under inquiry when the defendant is asked whether anyone has made any promises or guarantees in reference to his plea. This view is supported by the court in Leroux explicitly distinguishing Pierce v. State, 318 So.2d 501 (Fla. 1st DCA 1975), and Garcia v. State, 228 So.2d 300 (Fla. 3d DCA 1969).
Therefore, the judgment is affirmed.
GUNTHER and POLEN, JJ., concur.