893 So.2d 647 (2005)
Edward RAGOOBAR, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-4031.
District Court of Appeal of Florida, Fourth District.
February 16, 2005.
Emmanuel L. Simon, Lauderhill, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Edward Ragoobar appeals the summary denial of his motion to withdraw his no contest plea to attempted murder and armed burglary of a dwelling. In his motion, Ragoobar alleged that his plea was involuntary because he was misled by his attorney's assurances that he would receive a downward departure sentence. Because the defendant's claims are conclusively refuted by the record, we affirm.
The defendant was charged with attempted first degree murder (count I), armed burglary of a dwelling (count II), aggravated assault (count III), and violation of an injunction (count IV). He entered *648 an open plea of no contest to the charges, with a negotiated cap of thirty years incarceration.
At sentencing, defense counsel moved for a downward departure, requesting the court to sentence the defendant on counts I and II to five years in Florida State Prison, followed by five years probation. The court denied the motion and instead sentenced the defendant to concurrent prison terms of twenty-five years.
After sentencing, the defendant filed a motion to withdraw his plea to counts I and II, pursuant to rule 3.170(l) of the Florida Rules of Criminal Procedure. The defendant alleged in the motion, inter alia, that he pled no contest to the charges because his attorney assured him that he would be sentenced to five years in prison followed by five years probation. The state responded that the defendant's claim was conclusively refuted by the transcript of the plea colloquy. The transcript revealed that the court advised the defendant of the maximum sentence it could impose upon accepting his plea to the charges. It further showed that the court acknowledged that the defendant was "hoping for a downward departure," but asked the defendant if he understood that there was no negotiated sentence other than a cap of thirty years imprisonment and that the court could impose the maximum period of thirty years. The defendant responded affirmatively.
Rule 3.170(l) governs motions to withdraw a plea after sentencing. When a defendant files a motion to withdraw his plea after sentencing, he has the burden to prove that "`a manifest injustice has occurred.'" Snodgrass v. State, 837 So.2d 507, 508 (Fla. 4th DCA 2003) (quoting LeDuc v. State, 415 So.2d 721, 722 (Fla.1982)). A defendant's entry of a plea based upon his attorney's misrepresentations as to the length of a sentence can constitute such a "manifest injustice" and serve as the basis for allowing a defendant to withdraw the plea. See Snodgrass, 837 So.2d at 508; State v. Leroux, 689 So.2d 235, 236 (Fla.1996), and Iaconetti v. State, 869 So.2d 695 (Fla. 2d DCA 2004).
When a defendant files a facially sufficient motion to withdraw a plea, due process requires the court to hold an evidentiary hearing unless the record conclusively shows the defendant is entitled to no relief. See Snodgrass, 837 So.2d at 509; Simeton v. State, 734 So.2d 446, 447 (Fla. 4th DCA 1999).
In this case, the record conclusively shows that the defendant is entitled to no relief. The trial court engaged in a lengthy plea colloquy with the defendant before accepting his plea and specifically inquired whether the defendant understood that he could be sentenced to up to thirty years incarceration on his open plea. The defendant, however, argues that the court failed to address the specific issue asserted in his motion: whether defense counsel or anyone else made any promises or representations concerning the sentence he would ultimately receive. As to this claim, the defendant asserts that the record is silent and thus fails to conclusively refute his allegation that his lawyer promised him a sentence of only five years in prison, followed by five years probation.
Although the transcript confirms that the trial court did not directly ask the defendant whether anyone made him any promises concerning his sentence, the plea dialogue disputes the defendant's claim that his plea was induced by his attorney's promise of a lenient sentence. When taking the plea, the trial court acknowledged that the defendant was "hoping" for a downward departure sentence and that his attorney intended to file a motion for downward departure at sentencing. The *649 court then asked the defendant if he understood that the court was not obligated to grant the motion and could impose a maximum period of thirty years incarceration. The defendant responded that he understood this:
COURT: And I know you're hoping for a downward departure. You're hoping for a period of incarceration less than what I just suggested. You understand that I would have the authority to impose such a disposition, either 20 or 25 years incarceration followed by either 10 and [sic] 5 years probation or even 30 years incarceration. You understand that; correct?
DEFENDANT: Yes, sir.
Thus, though the court failed to directly ask the defendant if his attorney had made him any promises concerning his sentence, the court did inquire about the very thing that the defendant says he was promised: a downward departure sentence. The court clarified that there was no guarantee that it would grant a motion for downward departure, and the defendant assured the court that he understood that. This discussion conclusively refutes the defendant's claim that he relied upon defense counsel's promise of a more lenient sentence.
We distinguish this case from Peloquin v. State, 858 So.2d 1213 (Fla. 4th DCA 2003). There, we held that the defendant was entitled to a hearing on his motion to withdraw where he asserted that his plea was rendered involuntary by his attorney's affirmative representation that his motion for downward departure would be granted and that he would be sentenced to "treatment" and a "suspended" prison term. Id. at 1214. Our ruling in that case was based on the absence of any evidence in the record that the court engaged in any inquiry about representations or promises regarding the length and nature of the sentence the defendant would receive. Id. In contrast, the record in this case shows that the court covered this matter and that the defendant could not have reasonably relied on any advice of counsel to the contrary. See, e.g., Bermudez v. State, 603 So.2d 657 (Fla. 3d DCA 1992)(holding that any affirmative misadvice given the defendant by his attorney concerning the effect of his plea on his immigration status was cured by the trial court's warning during the plea colloquy that the defendant could be deported as a result of his guilty plea).
We conclude that the trial court did not err in summarily denying the motion to withdraw the plea on the above discussed ground or on any of the other claims asserted by the defendant.
Affirmed.
FARMER, C.J., and SHAHOOD, J., concur.