953 So.2d 782 (2007)
Larry SCHEELE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-38.
District Court of Appeal of Florida, Fourth District.
May 9, 2007.
*783 Michael Salnick of Law Offices of Salnick & Fuchs, P.A., West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
GROSS, J.
We grant appellant's motion for rehearing, withdraw our previous opinion of March 7, 2007 and substitute the following.
Larry Scheele appeals the denial of his motion for postconviction relief seeking to withdraw his plea after he was sentenced to fifteen years in prison. The basis of Scheele's motion was that (1) before entering his plea, his lawyer promised him that he would receive no more than ten years in prison, and (2) the trial judge gave him insufficient time to fully consider his straight-up plea to the court. We affirm holding that the record conclusively refutes his claims.
An eight-count information charged Scheele with DUI manslaughter, driving under the influence causing serious bodily injury, three counts of driving under the influence causing injury to person or property, driving in violation of driver's license restriction, possession of marijuana in excess of twenty grams, and manslaughter by culpable negligence. The charges arose from an incident where Scheele lost control of his vehicle and crashed into a tree, a cast-iron trash bin, and a concrete pole. One passenger died at the scene, another was seriously injured, and three suffered slight injuries.
On March 9, 2005, Scheele entered a guilty plea to all charges except for manslaughter by culpable negligence. The trial judge emphasized to Scheele that the maximum potential sentence for the six crimes to which he was pleading was incarceration for 28 years and 60 days. To make sure that Scheele was aware of this maximum sentence, the judge asked Scheele to repeat the maximum penalty; Scheele responded "28 [years], and 60 days." In addition to the matters specified *784 in Florida Rule of Criminal Procedure 3.172(c), the judge asked Scheele whether any promises were made to him to induce his plea:
Court: Has anyone made any promises at all, in connection with this plea?
Defendant: No, ma'am.
Court: Has anyone made any promises at all, in connection with this plea, other than that a Presentence Investigation would be conducted?
Defendant: Yes, no, ma'am.
Court: Someone made other promises?
Defendant: No. No, ma'am.
Court: Has anyone promised you anything in particular would happen as a result of your entering this plea?
Defendant: No ma'am.
Scheele told the judge that he was "completely satisfied with the advice and representation" of his attorney. The court warned Scheele that once he pleaded to the court, if he did not like his sentence, he could not take his plea back. After determining that the plea was "freely and voluntarily given," the judge accepted the plea.
The court held a sentencing hearing almost three months after the plea conference. The judge sentenced Scheele to 15 years in prison with 5 years of probation to run consecutive to the incarceration.
After the sentencing hearing, Scheele timely moved to vacate his plea and sentence, requesting an evidentiary hearing. Scheele's motion argued that if he had known he could have been sentenced to more than ten years in prison he would not have pled "straight up" in open court. He also contended that he did not have a reasonable time to consider the consequences of his plea. The trial judge denied the motion without an evidentiary hearing.
The issue/question before this court is whether the trial court erred in denying the motion to withdraw plea without a hearing. Misrepresentations by counsel as to the length of time a defendant will serve may be a basis for allowing a defendant to withdraw a guilty plea. See Snodgrass v. State, 837 So.2d 507, 508 (Fla. 4th DCA 2003) (citing State v. Leroux, 689 So.2d 235 (Fla.1996). However, rule 3.170(l) provides that relief may be denied without a hearing "if the record conclusively shows that the defendant is entitled to no relief." Snodgrass, 837 So.2d at 509 (Fla. 4th DCA 2003) (quoting Simeton v. State, 734 So.2d 446 (Fla. 4th DCA 1999)) see also Williams v. State, 919 So.2d 645, 646 (Fla. 4th DCA 2006).
A defendant's general acknowledgment during a plea conference that no one promised him anything to plead guilty does not conclusively rebut a sworn allegation that the defendant was prompted to enter the plea by his lawyer's mistaken advice about the length of a sentence or eligibility for gain time. See Leroux, 689 So.2d at 236-37. In Leroux, the defendant claimed that his lawyer misrepresented the amount of time he would actually serve because of gain time credits. The supreme court held that the defendant's negative response to the trial court's question of whether anything had been promised to induce his guilty plea did not conclusively refute his postconviction relief claim. Id. at 237.
In Leroux, the supreme court recognized that a plea conference was a significant moment in a case and that some forms of questioning would serve to block later claims of incorrect legal advice about a sentence. The supreme court wrote that "were it to be made clear to a defendant at the time the plea was entered that he could not rely on anyone's estimated computation of the time the defendant would actually serve, then such a defendant *785 would have no basis to complain later." Id.
Leroux cited with approval language from Carmichael v. State, 631 So.2d 346, 347-48 (Fla. 2d DCA 1994), that suggests matters that, if included in a plea colloquy, would confront issues that often arise in postconviction relief motions:
We again reiterate that `a trial court is always well-advised, when accepting a plea, to ascertain whether any promises were made to the defendant apart from those discussed during the plea colloquy.' [citation omitted]. It would be a simple matter during the plea dialogue to have the defendant affirm under oath that no one, especially the defendant's counsel, has made any promises concerning eligibility for any form of early release authorized by law and the actual amount of time to be served under the sentence to be imposed. It would also be beneficial to have the defendant further acknowledge the absence of such promises in a written plea form, if one is routinely used by the judge.
Leroux, 689 So.2d at 237.
In Leroux, the supreme court observed that a "defendant who is informed by the court during the plea colloquy that he may have to serve every day of a ten-year sentence could hardly reasonably rely on counsel's advice to the contrary." Id. at 238. Similarly, in this case, the trial judge told Scheele, in no uncertain terms, that he faced a maximum sentence of 28 years and 60 days; Scheele could not reasonably rely on his lawyer's supposed advice that he faced a maximum sentence of only ten years. A plea conference is not a meaningless charade to be manipulated willy-nilly after the fact; it is a formal ceremony, under oath, memorializing a crossroads in the case. What is said and done at a plea conference carries consequences. See Iacono v. State, 930 So.2d 829, 831-32 (Fla. 4th DCA 2006) (recognizing that defendants "are bound by their sworn answers" during a plea colloquy).
On the remaining claim, the record conclusively refutes Scheele's claim that he was not given enough time to consider his plea. The trial court conducted a detailed and thoughtful plea conference where Scheele had ample opportunity to ask questions or request additional time to weigh his decision to plead guilty.
WARNER and POLEN, JJ., concur.