965 So.2d 857 (2007)
Jason A. PEASE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4954.
District Court of Appeal of Florida, Fourth District.
October 10, 2007.
*858 Dan Hallenberg of the Law Offices of Dan Hallenberg, P.A., Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
TAYLOR, J.
We grant appellee's motion for rehearing, withdraw our prior opinion, and substitute the following in its place.
Jason A. Pease appeals the summary denial of his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. His motion alleged that his plea of admission to violation of probation was induced by his trial counsel's mistaken advice concerning the length of the sentence he would receive. Because appellant's claims are conclusively refuted by the record, we affirm the trial court's summary denial of his motion for post-conviction relief.
Appellant pled guilty to charges of aggravated fleeing and eluding, grand theft of a motor vehicle, and aggravated assault on a law enforcement officer in three separate cases (02-9712 CF10A, 02-8610 CF10A, and 02-7693 CF10A). The trial court sentenced him to three years in prison followed by four years of probation. Later, appellant was charged with violating probation. At his probation violation hearing, the court held the following discussion with appellant before accepting his plea to the charges:
The Court: According to this scoresheet based upon the charges, based upon the record, the minimum penalty that you can get if I revoke your probation is 28.5 months.
Do you understand?
The [Appellant]: Yes, sir.
The Court: The most that you can get is 15 years. All of these aggravated fleeing charges carry 15 years. The aggravated assault on a law enforcement officer and two grand thefts each carry five years in jail as the maximum penalty.
I just want you to know that you don't have to do this. You can have a final hearing where the State has to convince me that you did violate your probation. You can question the witnesses. You can bring in your own witnesses. You can raise defenses in the case. If you lost the case, you can appeal. Once you plead guilty, you will give up all of those rights.
Do you understand?
The [Appellant]: Yes, sir.
The Court: Is there anyone that is forcing you or threatening you or promising you anything to make you plead guilty?
The [Appellant]: No.

*859 The Court: How about your lawyer?
Are you satisfied with her?
The [Appellant]: Yes.
The trial court found appellant to be "alert and intelligent," and said, "He understands the nature of the charges . . . the rights that he is giving up. He is satisfied with his lawyer. He understands the consequences of his plea." The court then revoked appellant's probation in all three cases and sentenced him to ten years on the second degree felonies, with credit for time served.
Thereafter, appellant filed a motion to vacate his judgments of conviction and sentence on the ground that his guilty plea was not knowingly, voluntarily, and intelligently made. He alleged that his plea was induced by mistaken advice and assurances concerning the sentence he would receive and that this amounted to ineffective assistance of counsel. In his motion, appellant alleged that his attorney advised him that his most serious charges carried a statutory maximum penalty of fifteen years, but she also told him that his sentencing guidelines range was 28.5 months to 66 months in prison. This was erroneous because appellant was not sentenced under the guidelines; he was sentenced under the Criminal Punishment Code. Even so, the trial judge cleared up that misadvice when he correctly advised appellant of the applicable minimum and maximum penalties. Cf. Morgan v. State, 879 So.2d 1243 (Fla. 3d DCA 2004), rev. denied, 894 So.2d 971 (Fla.2005).
Appellant further alleged that his counsel advised him that "the Judge will want to re-instate" probation and that "she could seek and likely obtain a straight 365-day county jail sentence with credit [for] time served and that this outcome would have the benefit of Defendant avoiding any further probation." Appellant also alleged that counsel told him that "there was no reason" for the judge to sentence him outside the guidelines range and that counsel gave him "affirmative advice that the Judge would be lenient." We disagree with appellant's contention that these alleged statements of counsel amounted to assurances by counsel of an actual sentence that the court would impose.
This case is distinguishable from Johnson v. State, 757 So.2d 586, 587 (Fla. 2d DCA 2000). There, the second district reversed summary denial of the defendant's post-conviction motion because counsel allegedly assured the defendant that he would receive no more that two years of house arrest followed by probation if he entered an open plea. Here, appellant does not allege that his counsel assured him of a certain sentence if he pled guilty to violation of probation. Rather, appellant complains about his counsel's advice as to the sentence she would try to obtain for appellant and her expectations concerning the sentence the judge might impose.
In Hill v. State, 895 So.2d 1122 (Fla. 4th DCA), rev. denied, 911 So.2d 98 (Fla.2005), the trial court informed the defendant of the maximum penalties he faced and asked him if he understood that the only representation the court was making was that it would not exceed those limits. The defendant acknowledged that he understood this and indicated that no promises had been made in reference to his plea. Id. at 1123-24. He later moved to withdraw his plea, claiming that his attorney had told him that he would receive less than the maximum if he pled. We affirmed the order denying the defendant's motion to withdraw his plea, stating:
We recognize that the Florida Supreme Court noted in State v. Leroux, 689 So.2d 235, 237 (Fla.1996), that "[t]here may also be a difference between a `promise' as commonly understood, and *860 an attorney's expert advice to his client. . . . Supplying such advice is not necessarily a promise of an outcome." We conclude, however, that there is a significant difference between claims of misadvice of counsel as to gain time, release dates, or similar matters, and claims of misadvice as to the potential sentence that the court may impose following the plea. The issue in Leroux involved a claim concerning counsel's advice as to the estimated time for the defendant's release from prison.
Here, the sentence to be imposed is the primary remaining matter directly before the court at the time of the plea and is patently the subject under inquiry when the defendant is asked whether anyone has made any promises or guarantees in reference to his plea. This view is supported by the court in Leroux explicitly distinguishing Pierce v. State, 318 So.2d 501 (Fla. 1st DCA 1975), and Garcia v. State, 228 So.2d 300 (Fla. 3d DCA 1969).
Hill, 895 So.2d at 1124.
This case is very similar to, though not on all fours with, Hill. Unlike the trial judge in Hill, the judge in this case did not expressly link his question about any promises made to sentencing. Nevertheless, the record refutes appellant's claim that his plea was rendered involuntary by his counsel's erroneous advice and assurances as to the actual sentence he would receive. The trial court therefore did not err in summarily denying relief.
Affirmed.
KLEIN and HAZOURI, JJ., concur.