973 So.2d 1206 (2008)
Jeysar VELAZQUEZ, a/k/a Jeysar Velasquez, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-1414.
District Court of Appeal of Florida, Second District.
January 16, 2008.
WALLACE, Judge.
Jeysar Velazquez appeals the postconviction court's order that summarily denied his motion for postconviction relief filed in accordance with Florida Rule of Criminal Procedure 3.850. Because the record attachments to the order under review do not conclusively refute Mr. Velazquez's claims, we reverse the postconviction court's order and remand for further proceedings.

I. BACKGROUND
Mr. Velazquez pleaded guilty to three counts of trafficking in cocaine in circuit court case numbers 03-7136, 03-7528, and 03-7529. On August 2, 2004, the circuit court sentenced him to fifteen years' imprisonment *1207 in each case. The sentences were designated to run concurrently. Mr. Velazquez's sentence in case number 03-7136 was subject to a fifteen-year mandatory minimum term because the quantity of cocaine involved was more than 400 grams. § 893.135(1)(b)(1)(c), Fla. Stat. (2002). The sentences in the other two cases included three-year mandatory minimum terms because the quantities of cocaine involved were 28 grams or more but less than 200 grams. § 893.135(1)(b)(1)(a).

II. THE POSTCONVICTION MOTION
In July 2006, Mr. Velazquez filed a timely motion under rule 3.850 seeking to withdraw his guilty pleas. The postconviction court summarized Mr. Velazquez's two grounds for relief as follows: (1) ineffective assistance of counsel for failure to properly advise Mr. Velazquez of the defense of entrapment and (2) ineffective assistance of counsel for failure to properly advise Mr. Velazquez of the sentence he would receive. The postconviction court attached copies of Mr. Velazquez's three judgments and sentences to its order denying the motion, but it did not attach a transcript of the plea colloquy. We will discuss separately each of the grounds alleged in the motion.

III. DISCUSSION
A. The Absence of a Requirement to Allege a "Viable" Defense
In the first ground of Mr. Velazquez's motion, he alleged that counsel failed to properly advise him of the entrapment defense. The postconviction court denied this ground because the allegations were "conclusory and lacking in factual support." In support of its ruling, the postconviction court concluded that "[i]n order to maintain a claim of ineffective assistance of counsel in connection with either a nolo contendere or guilty plea, a complaining defendant must show that he, in fact, had a viable defense," quoting Siegel v. State, 586 So.2d 1341, 1342 (Fla. 5th DCA 1991) (emphasis added by the postconviction court). Although the postconviction court quoted the Siegel case accurately, Mr. Velazquez was not required to allege a "viable" defense in order to state a facially sufficient claim for relief on this ground. In Siegel, the Fifth District relied in part on the Third District's decision in Diaz v. State, 534 So.2d 817 (Fla. 3d DCA 1988). But the Third District's holding in Diaz was specifically disapproved by the Supreme Court of Florida in Grosvenor v. State, 874 So.2d 1176, 1180-81 (Fla.2004).
Under Grosvenor's analysis, the defendant is not required to establish that, if the plea had not been entered, he or she would have prevailed at trial. Id. Instead, the viability or merit of an asserted defense "is relevant to the credibility of the defendant's assertion that he would have insisted on going to trial." Id. at 1181. In other words, the postconviction court should have focused on whether a reasonable probability exists that Mr. Velazquez would have insisted on going to trial, considering the totality of the circumstances, and not whether he could allege in his motion that he had a viable defense to the charges. The totality of the circumstances includes a consideration of "whether a particular defense [is] likely to succeed at trial, the colloquy between the defendant and the trial court at the time of the plea, and the difference between the sentence imposed under the plea and the maximum possible sentence the defendant faced at a trial." Id. at 1181-82. Here, the postconviction court failed to address the totality of the circumstances, and the record attachments to its order are insufficient to refute Mr. Velazquez's claim.
*1208 B. Incorrect Advice Concerning Sentencing
On his second claim of ineffective assistance of counsel, Mr. Velazquez alleges that defense counsel advised him that he "would receive a minimum sentence of 15 years or less because his scoresheet points would be around 80 points [but] the defendant received a maximum mandatory sentence of 15 years" in prison. (Emphasis added.) Mr. Velazquez was, indeed, sentenced to the mandatory minimum of fifteen years in one case and concurrent mandatory minimum terms of three years in each of the other two cases. However, the record attachments do not show conclusively that he was ever advised that he faced a mandatory minimum sentence of fifteen years under section 893.135(1)(b)(1)(c), which would preclude any consideration of a lesser sentence. Mr. Velazquez's request to be resentenced "according to the sentencing guidelines and scoresheet" further suggests either the receipt of incorrect advice or a misunderstanding concerning the mandatory minimum sentence that he ultimately received. Although the allegations of Mr. Velazquez's motion are less than precise, he alleges a facially sufficient claim that he believed that he would face fifteen years or less based on counsel's advice concerning his scoresheet rather than fifteen years or more as required by the applicable statute.
The record attachments to the postconviction court's order are insufficient to refute Mr. Velazquez's claim. For example, we do not know whether the circuit court inquired about whether defense counsel made representations to Mr. Velazquez concerning the length of his potential sentences before accepting the pleas. See Johnson v. State, 757 So.2d 586, 587 (Fla. 2d DCA 2000) (citing State v. Leroux, 689 So.2d 235 (Fla.1996)). While a possible sentence of "fifteen years or less" does not preclude the "mandatory sentence of 15 years" that Mr. Velazquez actually received, his motion should be considered based on the extent to which he relied on counsel's advice, if any, concerning the possibility of a lesser sentence in deciding to plead guilty rather than proceed to trial.

IV. CONCLUSION
Accordingly, we reverse the order summarily denying Mr. Velazquez's motion and remand for the postconviction court to reconsider his claims. Unless the complete record conclusively refutes Mr. Velazquez's claims, the postconviction court shall conduct an evidentiary hearing. If the postconviction court again summarily denies Mr. Velazquez's claims, it must attach portions of the record that conclusively demonstrate that Mr. Velazquez did not rely on the incorrect advice of counsel. See Chandler v. State, 843 So.2d 1046, 1047 (Fla. 2d DCA 2003).
We warn Mr. Velazquez, as we have warned others before him, that if he is allowed to withdraw his plea, he assumes the risk of receiving a harsher sentence. See Jones v. State, 834 So.2d 226, 227 (Fla. 2d DCA 2002) (citing Mitchell v. State, 521 So.2d 185, 187 (Fla. 4th DCA 1988)).
Reversed and remanded.
DAVIS, J., Concurs.
ALTENBERND, J., Concurs with opinion.
ALTENBERND, Judge, Concurring.
I concur in the court's decision with some reluctance. Mr. Velazquez contends that his lawyer was ineffective because he discouraged Mr. Velazquez from going to trial exclusively to raise a theory that he was subjectively entrapped into selling cocaine to undercover officers on not one, but three separate occasions. The trial court attached little to its order denying this motion, but the motion itself gives *1209 little information to suggest that Mr. Velazquez had any chance of prevailing upon this difficult theory. See State v. Henderson, 955 So.2d 1193, 1194-95 (Fla. 4th DCA 2007) (discussing that before a jury can hear the defense of subjective entrapment, the defendant bears the burden to show inducement and a lack of predisposition to commit the offense). If properly advised by counsel, the likelihood that Mr. Velazquez would have admitted his role in these three transactions and taken on the burden to prove that he was entrappedfacing the possibility of ninety years in prison with twenty-one years of minimum mandatory sentencesseems highly unlikely when he had the option to plead guilty and, receive concurrent minimum mandatory sentences. Because one of these offenses involved 400 or more grams of cocaine, the shortest legal sentence that he could possibly receive was fifteen years' imprisonment.