998 So.2d 1197 (2009)
Makendy ALFRED, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-3820.
District Court of Appeal of Florida, Fourth District.
January 14, 2009.
*1198 Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Makendy Alfred timely appeals the denial of his pro se rule 3.170(l) motion to withdraw his no contest plea, as well as his counsel's own motion requesting the same relief. The trial court denied the motions without an evidentiary hearing. Because the plea colloquy conclusively refutes the allegations of the motions, and both motions are insufficient, we affirm.
Charged with armed burglary of a dwelling, aggravated battery with a deadly weapon, two counts of aggravated assault with a deadly weapon, and trespass of a structure, Alfred entered an open plea to the court. At the change of plea hearing, the court advised Alfred of the maximum possible sentences for each charge he could receive, including a life sentence for the armed burglary charge. Alfred's lowest permissible sentence was 82.65 months. The court inquired of any offers, and the state indicated that it had conveyed a twenty-year offer the morning of the plea. Alfred acknowledged that at the hearing. The court specifically and in detail questioned Alfred as to what anyone might *1199 have advised him with respect to his sentence. Alfred told that court that no one had advised him of anything with respect to his sentence. The court then said:
THE COURT: Do you understand, nobody knows what your sentence will be? If you plead no-consent, nobody knows what your sentence will be. I don't know what your sentence will be, [defense counsel] doesn't know. Do you understand that?
MR. ALFRED: Yes.
THE COURT: Okay. Do you understand, even I don't know. I have to hear the evidence, the argument by your attorney, and review the PSI before I can determine the proper sentence. I can sentence you anywhere from probation, if I agree to the downward departure, or 82.65 months up to life in prison. Do you understand that?
MR. ALFRED: Yes.
THE COURT: If I accept your no-consent plea, you are notI repeatyou are not allowed to withdraw this plea because you are unhappy with the sentence I impose. You understand that?
MR. ALFRED: Yes, sir.
THE COURT: Has anyone told you how much time you will serve or how much gain time you will receive on a sentence?
MR. ALFRED: No, sir.
The court found a factual basis based on the probable cause affidavit, the court file, the state's proffer in the codefendant's plea, and defense counsel's stipulation. Based upon this thorough colloquy, the court accepted Alfred's plea.
At the sentencing hearing, all of the victims testified in detail regarding the armed burglary, including the fact that Alfred held a gun and threatened to kill the child victims in the home which was burglarized. The court received testimony from Alfred's relatives as well as Alfred who apologized for the crime. At the close of the evidence, the state recommended a sentence of thirty years. The court sentenced Alfred to thirty years for the armed burglary, followed by five years' probation, and concurrent terms of fifteen years for the aggravated battery and five years for each count of aggravated assault.
Following sentencing, Alfred filed a pro se motion to withdraw his plea claiming that he entered the open plea because defense counsel told him that he would likely receive a six to ten-year sentence, but no more than fifteen years. Alfred's counsel also filed a motion to withdraw plea stating that prior to Alfred's entering his plea, the prosecutor informed counsel that she would be recommending fifteen years in prison, and counsel relayed this information to Alfred. However, a different prosecutor was present at the sentencing hearing who recommended a thirty-year sentence. Counsel concluded that he had not provided effective assistance. Alfred's pro se motion did not mention the change of the state's recommendation, and neither Alfred's motion nor counsel's motion stated that he would have withdrawn his plea and gone to trial had he known that the state would recommend thirty years.
After a hearing, the trial court denied the motion. The court noted that it engaged in an extensive and thorough plea colloquy with Alfred and recited many of the same facts set forth in this opinion. The court found the claim to be legally insufficient, as Alfred failed to assert that but for counsel's errors, he would not have pleaded guilty and would have gone to trial. The claim was also without merit, as it was refuted by the record. Alfred acknowledged the potential penalties the court could impose for each offense, that nobody advised him what his sentence *1200 would be, and that he could be sentenced up to life in prison. Even assuming that counsel did misadvise Alfred that he would receive a sentence no greater than fifteen years, any prejudice was cured by the trial court at the plea colloquy and did not affect the voluntariness of the guilty plea. This appeal follows.
Recently, in Scheele v. State, 953 So.2d 782 (Fla. 4th DCA 2007), this court held that a defendant could not reasonably rely on his lawyer's advice that he faced a maximum sentence of only ten years, where the trial court told the defendant that he faced a maximum of twenty-eight years. We said, "A plea conference is not a meaningless charade to be manipulated willy-nilly after the fact; it is a formal ceremony, under oath, memorializing a crossroads in the case. What is said and done at a plea conference carries consequences." Id. at 785. See also Hill v. State, 895 So.2d 1122 (Fla. 4th DCA 2005) (defendant could not withdraw his plea as involuntary where counsel erroneously advised him that he would receive less than maximum sentences if he pled no contest, because court advised him in plea colloquy of maximum sentence and advised him that only representation made by court was that it would not exceed the maximum sentence allowed); Ragoobar v. State, 893 So.2d 647 (Fla. 4th DCA 2005) (even where court did not directly ask defendant whether anyone made him any promises concerning his sentence, defendant assured court that he understood there was no guarantee that the court would grant a motion for downward departure, thus preventing him from relying in his motion to withdraw on his counsel's assurances that he would receive a downward departure).
As in Scheele, Hill, and Ragoobar, Alfred's assertion that counsel told him that he would receive a sentence no more than fifteen years is refuted by the plea colloquy. The court engaged in an extensive and thorough plea colloquy with Alfred. The court advised Alfred of the maximum penalty for each offense, and Alfred confirmed that he still wanted to plead open to the court not knowing what sentence would be imposed. Alfred acknowledged that no one told him or advised him of what his sentence would be, that nobody knew what his sentence would be, and that the court could sentence him up to life in prison. He represented that no one told him how much time he would serve. Alfred confirmed that he understood there was no guarantee that he would receive any particular sentence and that his sentence could be anywhere between the minimum and maximum sentence. Accordingly, the trial court did not err in denying the motion to withdraw plea without holding an evidentiary hearing.
As to counsel's motion to withdraw in which counsel stated that he had misadvised Alfred as to the state's recommendation, we also agree with the trial court that the claim is both legally insufficient and refuted by the record. Counsel's motion did not assert, nor did Alfred, that but for this misadvice he would not have pled guilty and would have insisted on going to trial. See Grosvenor v. State, 874 So.2d 1176 (Fla.2004). This is fatal to his claim. Further, because the trial court carefully determined that no one had promised or advised him what his sentence would be, Alfred could not rely on a recommendation of a sentence, when only the judge would impose it. Any prejudice was cured by the court's plea colloquy. Ragoobar, 893 So.2d at 648-49.
Affirmed.
MAY and DAMOORGIAN, JJ., concur.