DAVIS, Judge.
Andres Guajardo challenges the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 8.850. We affirm the denial of his first two claims without comment. We reverse the denial of Guajar-do’s claim of ineffective assistance of counsel based on the misadvice of his counsel.
Guajardo pleaded guilty to one count of trafficking in cocaine and one count of conspiracy to traffic in cocaine. He was sentenced to concurrent, fifteen-year prison terms, with a fifteen-year minimum mandatory on each count. Guajardo claims that because he could no longer afford to pay for legal services, his counsel induced him to enter his plea by promising him a five-year sentence to be followed by probation. He further alleges that counsel failed to even attend the plea hearing and that he was not aware he was facing a fifteen-year minimum mandatory sentence at the time he entered the plea because he thought he was still subject to the five-year agreement.
In denying the claim, the postconvietion court attached portions of the record showing that Guajardo entered an open plea and that the minimum mandatory sentence and the fact that the State might *407 decide to waive it were discussed at the plea hearing. However, the plea colloquy contains no questions regarding Guajardo’s satisfaction with counsel and fails to inquire as to whether he was promised anything by counsel in exchange for entering the plea. Absent such record evidence, Guajardo’s claim cannot be refuted without an evidentiary hearing. See Chandler v. State, 843 So.2d 1046, 1047 (Fla. 2d DCA 2003).
Accordingly, we reverse the postconviction court’s summary denial of his claim of ineffective assistance based on the misad-vice of counsel and remand for the court to either attach additional record evidence to refute the claim or to hold an evidentiary hearing. We note that should Guajardo be permitted to withdraw his plea, the State may proceed to trial and Guajardo could face a sentence that is harsher than the one he is currently serving.
Reversed and remanded.
LaROSE and KHOUZAM, JJ., concur.