*168
 
 DAVIS, Judge.
 

 Raymond Burns Ely challenges the summary denial of his Florida Rule of Criminal Procedure 3.850 motion. We affirm in part, reverse in part, and remand for further proceedings.
 

 Ely entered open no contest pleas to aggravated stalking, making harassing telephone calls, and making obscene telephone calls. The trial court sentenced him to five years in prison on the stalking charge and to two days in jail on each of the other charges. He subsequently filed a rule 3.850 motion alleging seven claims of ineffective assistance of counsel. We affirm claims one through six without comment.
 

 However, in his seventh claim, Ely alleged that counsel was ineffective for coercing a plea by giving erroneous advice regarding sentencing and that had he been accurately advised, he would not have entered his plea and would have instead proceeded to trial.
 
 [1]
 
 Ely maintained that counsel advised him that if he entered an open plea, the trial court would sentence him according to his guidelines scoresheet. Ely further alleged that counsel told him, “You score for probation. The worst you could get would be work-release or house arrest. The judge can’t give prison time without an aggravating factor, which there are none in your case.” The trial court, however, ultimately sentenced Ely to five years in prison.
 

 In summarily denying this claim, the postconviction court stated, “Once the Court advised Defendant that he could receive five years in prison for the aggravated stalking and one year in jail for the misdemeanors, Defendant could not reasonably] rely on counsel’s advice that he would get probation, house arrest, or work camp ‘if there were no mitigating factors.” To support this contention, the court cited
 
 Scheele v. State,
 
 953 So.2d 782 (Fla. 4th DCA 2007).
 

 While the postconviction court is correct in its reading of
 
 Scheele,
 
 such is not the law in the Second District.
 
 See Johnson v. State,
 
 757 So.2d 586 (Fla. 2d DCA 2000). In
 
 Johnson,
 
 “[t]he [postconviction] court ... found that because Johnson was informed prior to his plea of what his poten
 
 *169
 
 tial sentence was, his claim [that counsel’s misadvice rendered his plea involuntary] was without merit.”
 
 Id.
 
 at 587. This court, however, disagreed, stating, “Johnson’s awareness of the maximum sentence he faced does not vitiate his claim that his attorney had assured him that his actual sentence would be much less than the maximum.”
 
 Id.; see also Velazquez v. State,
 
 973 So.2d 1206, 1208 (Fla. 2d DCA 2008) (addressing a claim of ineffectiveness for failure to properly advise defendant regarding the possible sentence he faced and concluding that Velazquez’s “motion should be considered based on the extent to which he relied on counsel’s advice, if any, concerning the possibility of a lesser sentence in deciding to plead guilty rather than proceed to trial”).
 

 In the instant case, Ely specifically alleged in his motion that his counsel advised him that he would be sentenced pursuant to the guidelines; that based on the guidelines, he would score for probation or community control; and that “[t]he judge can’t give prison time without an aggravating factor, which there are none in your case.”
 

 Furthermore, at the plea hearing, Ely’s counsel advised the trial court that he and the assistant state attorney disagreed as to the scoresheet calculation and that the trial court would have to address the issue. Counsel represented to the court that the proper calculation would show a suggested sentence of probation, while the State insisted that the appropriate sentence would be two years in prison. The trial court acknowledged that there was still a score-sheet issue to be resolved, proceeded with the plea colloquy, and set sentencing for a future date so that a pretrial investigation could be conducted and the scoresheet issue could be resolved. During the colloquy, the trial court advised:
 

 There is also a count of Obscene Telephone Call. Aggravated Stalking is a third-degree felony punishable by five years in prison; the misdemeanors are first-degree misdemeanors punishable by a year in the county jail apiece [sic]. You understand that’s the most the judge could sentence you to, and the most he could sentence you to is seven years?
 

 Although the trial court did advise Ely that he could possibly receive a seven-year prison sentence, at the time of such advice, Ely was aware that there was still a score-sheet dispute to be settled, and according to the allegation in his motion, his attorney had advised him that if he scored out to probation, he would receive probation. His counsel further had advised him that for the judge to exceed the guideline sentence he would have to find aggravating circumstances but that there were none in his case. Based on these facts and allegations, we cannot conclude that the transcript attached to the order denying relief clearly refutes Ely’s allegation of misad-vice of counsel or that the trial court’s informing him that he could be sentenced to seven years necessarily advised him that he could not rely on the representations of his counsel.
 
 See Johnson,
 
 757 So.2d at 587.
 

 If the allegations of Ely’s motion are correct, trial counsel based the advice he gave Ely on pre-Criminal Punishment Code procedure, which limited the court’s discretion in determining the maximum sentence. Such advice would amount to deficient performance because Ely was to be sentenced under the Criminal Punishment Code, which allows the trial court to impose a statutory maximum sentence without limitation.
 

 In conclusion, since Ely would not necessarily have been put on notice that he could not rely on counsel’s advice and since
 
 *170
 
 the giving of such advice would be deficient performance that prejudiced him, Ely has stated a sufficient claim for ineffective assistance of counsel that is not refuted by the attachments to the order. Accordingly, we must reverse the summary denial of claim seven and remand the claim for further consideration. If the court again summarily denies this claim, it must attach portions of the record that conclusively refute the claim. Otherwise, the court must conduct an evidentiary hearing.
 

 Affirmed in part, reversed in part, and remanded.
 

 WHATLEY, J., and GALLEN, THOMAS M., Associate Senior Judge, Concur.
 

 [1]
 

 . In the requested relief section of his motion, Ely asked that he be allowed to withdraw his plea.