PER CURIAM.
 

 Dara Ostane appeals the summary denial of his motion for postconviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. Ostane claims that defense counsel advised him if he pled no contest to the lesser-included offense of manslaughter, he would receive a ten-year sentence. Accordingly, Ostane pled no contest to the offense of manslaughter, subject to a firearm enhancement, and agreed to “serve a term of prison and/or probation to be determined after an evi-dentiary hearing before the [c]ourt.”
 

 It is undisputed that, at the plea hearing, the trial court and the State reiterated that Ostane faced a maximum penalty of thirty years in the Department of Corrections (“DOC”), and the bottom of the guidelines range was 11.75 years. The transcript demonstrates defense counsel believed the' bottom of the guidelines range was 10.4 years. At sentencing, the trial court sentenced Ostane to thirty years in the DOC with five years suspended upon his successful completion of five years’ probation. The court made no inquiry into whether promises were made regarding the sentence.
 

 The plea colloquy and attachments do not conclusively refute Ostane’s claim that defense counsel promised him a ten-year maximum sentence in the DOC.
 
 See Johnson v. State,
 
 757 So.2d 586, 587 (Fla. 2d DCA 2000) (“[defendant’s] awareness of the maximum sentence he faced does not vitiate his claim that his attorney had assured him that his actual sentence would be much less than the maximum.”). Accordingly, because the transcript does not conclusively refute Ostane’s claim, we reverse and remand for an evidentiary hearing.
 

 AFFIRMED in part; REVERSED in part; REMANDED.
 

 SAWAYA, EVANDER and COHEN, JJ., concur.