PER CURIAM.
The appellant, Raymond Cornett, timely seeks review of the trial court’s summary denial of his 3.85Ó motion. The appellant entered an open plea of nolo contendere to eight charges. On the first of these charges, appellant was sentenced to a period of twenty years’ probation with a special condition requiring that the' first ten years be served in the Department of Corrections (“DOC”) as a minimum mandatory. He was sentenced to three years’ DOC on the remaining charges, all to run concurrent. The appellant raises numerous issues in his 3.850 motion, one of which requires remand.
The appellant contends that his trial counsel failed to advise him of the minimum mandatory sentence he was facing as a result of the charges against him. The State correctly concedes that the attachments to the plea agreement, plea colloquy, and portions of the sentencing transcript to the trial court’s order do not refute appellant’s allegations in this regard. As a result, the matter is remanded back to the trial court to either attach further portions of the record supporting its ruling or hold an evidentiary hearing on the matter. See Edwards v. State, 888 So.2d 153 (Fla. 5th DCA 2004). We note that if the appellant is allowed to withdraw his plea and proceed to trial, he faces the possibility of a life sentence, which is clearly harsher than the minimum sentence he is currently serving. See Guajardo v. State, 1 So.3d 406, 407 (Fla. 2d DCA 2009).
REVERSED and REMANDED for further proceedings consistent with this opinion.
ORFINGER, C.J., SAWAYA, and JACOBUS, JJ., concur.