PER CURIAM.
Appellant, Patrick Thompkins, was originally charged with first-degree murder with a firearm in counts one, two, and three, and attempted first-degree murder with a firearm in counts four, five, six, and seven. He later entered into a negotiated plea agreement, where he pled guilty to second-degree murder with a firearm. The other counts were nolle prossed. Appellant then filed a rule 3.850 motion for postconviction relief, alleging four claims of ineffective assistance of counsel, including a claim of affirmative misadvice of counsel, and a claim of illegal sentencing. We affirm the trial court’s summary denial of all claims except claim three, in which he alleged affirmative misadvice of counsel that if he were convicted on the first three counts as originally charged, the only possible sentence he could receive would be the death penalty.
Appellant alleged in his motion that but for this affirmative misadvice, he would have proceeded to trial on the charges. He also alleged that but for this misadvice, he would have rejected the plea *67 offer and proceeded to trial instead. His claim is legally sufficient. See Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); Grosvenor v. State, 874 So.2d 1176 (Fla.2004). A claim of entry of a plea based on defense counsel’s affirmative misadvice about sentencing can constitute grounds for -withdrawal of the plea. Nelfrard v. State, 34 So.3d 221, 222 (Fla. 4th DCA 2010).
The trial court summarily denied this claim based on the plea colloquy, but we find nothing in that colloquy which actually refuted this claim. The fact that the trial court advised appellant that if convicted, he faced the possibility of the death penalty did not overcome his claim that his counsel affirmatively misadvised him that this was the only sentencing possibility if he were convicted.
Accordingly, we reverse only as to the trial court’s summary denial of appellant’s claim three, and remand for either an evi-dentiary hearing or attachment of portions of the record refuting the claim other than the portions of record already attached to the State’s response filed below and incorporated by the trial court. We would also note that if appellant is permitted to withdraw his pleas, the State may proceed to trial, with appellant facing a sentence harsher than the one he is now serving, including a potential death sentence. Guajardo v. State, 1 So.3d 406 (Fla. 2d DCA 2009).

Affirmed in part, reversed in part, and remanded.

TAYLOR, MAY, and LEVINE, JJ„ concur.