PER CURIAM.
Ryan S. Slade appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the order summarily denying relief as to Ground I without comment. However, we reverse as to Grounds II, III, and IV and remand the case for further proceedings.
Mr. Slade entered an open plea of no contest to burglary of a dwelling and grand theft. At a later sentencing date, Mr. Slade was sentenced to eight years in prison as a habitual felony offender followed by ten years of probation for the burglary and to a concurrent term of five years in prison for the grand theft. Mr. Slade did not appeal his convictions and sentences.
Mr. Slade filed a timely rule 3.850 motion raising four claims for relief which allege ineffective assistance of counsel. The postconviction court summarily denied Mr. Slade’s motion by adopting the State’s response and found all the grounds “are without merit, conclusively refuted by the record, or attempts to go behind the plea.”
To state a prima facie case of ineffective assistance of counsel, Mr. Slade must establish both counsel’s deficient perform- *463 anee and prejudice to his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove deficient performance, Mr. Slade must identify particular acts or omissions by counsel that are outside the broad range of reasonable assistance under prevailing professional standards. Id. at 690, 104 S.Ct. 2052. Because Mr. Slade pleaded, to prove prejudice he must establish that, but for defense counsel’s deficient performance, he would have insisted upon going to trial. See Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 866, 88 L.Ed.2d 203 (1985). Because Mr. Slade’s rule 3.850 motion was summarily denied without an evidentiary hearing, we are required to accept as true his allegations that are not conclusively refuted by the record. See Hamilton v. State, 979 So.2d 420, 422 (Fla.2d DCA 2008).
In Ground II, Mr. Slade argues that trial counsel was deficient for failing to advise him that the evidence was probably insufficient to support the grand theft charge. Mr. Slade took thirty to thirty-five DVDs from the victim, and he contends that because the DVDs were used, their market value would not reach or exceed $300. Mr. Slade further contends that he would not have pleaded to grand theft but for the deficient performance. The State responded that Mr. Slade was challenging the sufficiency of the evidence and that his claim was procedurally barred.
The State’s theory is erroneous, and the postconviction court erred in adopting it. See Bruno v. State, 807 So.2d 55, 63 (Fla.2001) (“Whereas the main question on direct appeal is whether the trial court erred, the main question in a Strickland claim is whether trial counsel was ineffective. Both claims may arise from the same underlying facts, but the claims themselves are distinct and—of necessity—have different remedies: A claim of trial court error generally can be raised on direct appeal but not in a rule 3.850 motion, and a claim of ineffectiveness generally can be raised in a rule 3.850 motion but not on direct appeal.” (footnotes omitted)). Mr. Slade was charged under section 812.014(2)(c)(l), Florida Statutes (2009), so the State would have had to prove at trial that the fair market value of the stolen DVDs exceeded $300. See Newland v. State, 117 So.3d 482, 484 (Fla. 2d DCA 2013) (holding that replacement cost is not an appropriate measure of value under the theft statute “ ‘unless the State first presents evidence that the market value could not be satisfactorily ascertained’ ” (quoting AD. v. State, 30 So.3d 676, 678 (Fla. 3d DCA 2010))). Mr. Slade established a legally sufficient claim of ineffective assistance of counsel that is not conclusively refuted by the record, so the postconviction court erred in summarily denying this claim.
In Ground III, Mr. Slade alleges that counsel was ineffective for not moving to suppress his confession on the basis that he was too intoxicated to make a knowing, intelligent, and voluntary waiver of his rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966). In response, the State attached the motion to suppress that Mr. Slade’s attorney filed. The State further contended that Mr. Slade could not prove prejudice because the victim and his next door neighbor could have testified to Mr. Slade’s guilt.
Again, the State’s theory does not conclusively refute Mr. Slade’s claim, so the postconviction court erred in adopting it. Defense counsel’s motion to suppress did not argue that Mr. Slade did not knowingly, intelligently, and voluntarily waive his Miranda rights because he was intoxicated; it argued that Mr. Slade *464 asked the police to stop the interrogation, so his subsequent confession should be suppressed on that ground. Yet the transcript defense counsel attached in support of the motion, as well as the witnesses’ statements and the arresting officer’s observations, clearly indicate that Mr. Slade was likely intoxicated when he was interrogated. Although, as a general rule, intoxicants or narcotic drugs affect the credibility rather than the admissibility of a confession, in some circumstances their influence may be so severe as to render the confession involuntary. See Reddish v. State, 167 So.2d 858, 862-63 (Fla.1964). Accordingly, the State’s attachment does not conclusively refute Mr. Slade’s legally sufficient claim of deficient performance. See Harrison v. State, 562 So.2d 827, 827-28 (Fla. 2d DCA 1990) (reversing summary denial where the defendant’s claim that his attorney was ineffective for not moving to suppress his confession given under the influence of crack cocaine was not conclusively refuted by the record).
Further, the postconviction court also erred in adopting the State’s theory that Mr. Slade could not prove the outcome of his trial would have differed if his confession were suppressed. Mr. Slade “was not required to allege that his motion to suppress would have been granted in order to state a facially sufficient claim of ineffective assistance.” Deck v. State, 985 So.2d 1234, 1238 (Fla. 2d DCA 2008). Rather, his burden on the prejudice prong was to show only that without his counsel’s misadvice, there was a reasonable probability that he would have chosen to go to trial instead of pleading. Id. Mr. Slade’s motion alleges that if defense counsel had challenged the admissibility of his confession on this basis, he would not have pleaded and would have insisted on going to trial instead. Accordingly, the postconviction court erred in summarily denying relief on this ground.
In Ground IV, Mr. Slade contends that defense counsel told him that if he entered an open plea, the court would sentence him according to the guidelines rather than as a habitual felony offender, concurrent with the sentence he was currently serving on another case. But for the misleading advice, Mr. Slade contends, he would not have pleaded and would have insisted upon going to trial. The State argued that based on Alfred v. State, 998 So.2d 1197 (Fla. 4th DCA 2009), the plea colloquy and signed plea form conclusively refute Mr. Slade’s claim.
In Ely v. State, 13 So.3d 167, 168-169 (Fla. 2d DCA 2009), this court specifically rejected the reasoning of the Fourth District in Scheele v. State, 953 So.2d 782 (Fla. 4th DCA 2007), the case on which Alfred is based. This court has held that a defendant’s awai’eness of the maximum possible sentence he faces does not vitiate a claim that his attorney assured him that his actual sentence would be much less than the maximum. Rather, “[t]o defeat a claim that a defendant entered a plea based on erroneous advice of trial counsel concerning the length of the prison sentence that will be imposed, the court must have addressed this specific issue with the defendant.” Johnson v. State, 757 So.2d 586, 587 (Fla. 2d DCA 2000). The record shows that Mr. Slade knew he faced up to thirty-five years in prison, but the record does not conclusively refute his claim that his attorney advised him that he would receive a 37.2-month guidelines sentence. Mr. Slade rejected the State’s offer of ten years in prison and chose to plead to an open sentence. Although the sentencing court explained that Mr. Slade faced a sentence “substantially more than ten years,” the court also told him, “I’m not saying that’s what would happen, because *465 I haven’t heard all the facts of the case.” Further, during the sentencing, defense counsel stated:
I think Mr. Slade showed some courage in — in going ahead and pleading this case directly to the Court.
And, you know, that’s always dangerous and as a defense attorney it’s not something that I recommend to any — in front of any judge, but my reasoning was that this was not a case that it was necessary for the State to prove that he has taken responsibility for his actions. I believe he has shown remorse today and you should take that into consideration.
Accordingly, the record does not conclusively refute Mr. Slade’s allegation that his attorney told him that he would receive a guidelines sentence if he entered an open plea and that but for counsel’s error he would have rejected the plea and proceeded to trial.
Based on the foregoing, we affirm the postconviction court’s order summarily denying relief on Ground I and reverse as to Grounds II, III, and IV and remand for the court to hold an evidentiary hearing on Mr. Slade’s claims or attach portions of the record that conclusively show he is not entitled to relief.
Affirmed in part, reversed in part, and remanded.
KHOUZAM, CRENSHAW, and MORRIS, JJ., Concur.