PER CURIAM.
This appeal stems from the trial court’s summary denial of appellant’s rule 3.850 motion for post-conviction relief. We reverse on two of appellant’s six points and remand for further proceedings.
Appellant pleaded guilty to trafficking in cocaine and one count of conspiracy to traffic in cocaine. He entered into a nego *510 tiated plea to concurrent eight-year prison terms.
Through the first and sixth points of his motion, appellant argues that he received ineffective assistance of counsel due to counsel’s failure to file a motion to suppress statements he made after receiving inadequate Miranda[1] warnings, and failure to inform him of a possible entrapment defense. Appellant alleges that if properly advised of these challenges and defenses, he would have rejected the plea and proceeded to trial.
Both of these claims are facially sufficient as alleged and not waived by the plea. See Brown v. State, 967 So.2d 440, 443 (Fla. 4th DCA 2007) (citing Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004)); see also Velazquez v. State, 973 So.2d 1206, 1207 (Fla. 2d DCA 2008). Neither is refuted by the record furnished. See generally Surinach v. State, 111 So.3d 186 (Fla. 4th DCA 2013); Canete v. State, 921 So.2d 687 (Fla. 4th DCA 2006) (en banc).
We reverse the summary denial of claims one and six and remand with directions for the trial court to attach portions of the record that conclusively refute appellant’s claims or, if such documents are not available, to conduct an evidentiary hearing to evaluate the “totality of the circumstances” as outlined by the Florida Supreme Court. See Griffin v. State, 114 So.3d 890, 899-903 (Fla.2013); Grosvenor, 874 So.2d at 1181-82. As to the remaining claims, we affirm.
DAMOORGIAN, C.J., GROSS and LEVINE, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).