PALMER, J.
Richard Henry (defendant) appeals the trial court’s order denying his motion for *1246 postconviction relief filed pursuant to rule 3.850.[1] Concluding that one of the defendant’s claims is not conclusively refuted by the attachments to the order denying the motion, we reverse.
The defendant filed a motion for post-conviction relief in which he presented three grounds for relief: 1) ineffective assistance of counsel for failing to object to the trial court’s imposition of a sentence without having reviewed the presentence investigation report; 2) an involuntary plea; and, 3) ineffective assistance of counsel for allowing the written plea agreement to have been altered by the prosecutor after the defendant had signed it.
As to the first ground, the transcript of the sentencing hearing refutes the defendant’s allegation in that it shows that defense counsel indicated he had a chance to review the presentence investigation report, did not need additional time to do so, and that he had determined there were no inaccuracies in it.
As to the second ground, the defendant contends that his plea was not made voluntarily because defense counsel promised him that he would receive a sentence of no more than 72 months’ imprisonment. The plea colloquy shows to the contrary, in that the defendant denied under oath that any such promises had been made to him. The defendant now contends that his answer at the plea colloquy was false, but made by him because defense counsel told him to respond in the negative at his plea hearing if asked about any promises so as not to jeopardize the plea. This motion presents the all too common occurrence where defendants, in an attempt to invalidate their pleas, contend they committed perjury when they sought to have their pleas accepted. Defendants are bound by the statements made by them under oath; they are not entitled to have them plea set aside by later claiming the plea was involuntary based on their allegedly perjured testimony.
As to the third ground, the State commendably concedes that the documents attached to the trial judge’s order do not conclusively refute the defendant’s claim that portions of the written plea agreement were altered by the prosecutor after the defendant had signed it. Accordingly, we vacate the trial court’s order and remand this matter to the trial court on this ground, either for attachment of portions of the record which conclusively refute the defendant’s allegation that his written plea agreement was altered after he signed it, or to hold an evidentiary hearing on the matter.
AFFIRMED in part; REVERSED in part; REMANDED.
GRIFFIN and MONACO, JJ., concur.

. See Fla. R.Crim. P. 3.850.