930 So.2d 829 (2006)
Nicholas IACONO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1360.
District Court of Appeal of Florida, Fourth District.
June 7, 2006.
*830 John H. Lipinski of The Law Offices of J.H. Lipinski, Esquire, Pembroke Pines, for appellant.
No appearance required for appellee.
PER CURIAM.
Nicholas Iacono appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. Iacono raised several claims of ineffective assistance of counsel. We affirm the summary denial of all the claims but write to address one issue which we find merits discussion.
Iacono entered guilty pleas to robbery charges in three cases. In his motion, he alleged that he was under the influence of psychotropic medication at the time of his pleas and that, as a result, his pleas were not knowingly and voluntarily entered. Iacono signed a plea form wherein he swore that he was not under the influence of any drugs or alcohol at the time of the plea and that he fully understood the judge's instructions. During the plea colloquy, Iacono explained to the judge that he had taken Buspar, an anxiety medication allegedly prescribed for severe depression, the night before. Iacono stated under oath that he was feeling "okay" and that nothing prevented him from making a knowing and intelligent decision regarding his plea. Iacono answered all questions during the colloquy appropriately and did not appear to have any difficulty understanding the proceeding.
In his postconviction motion, Iacono alleged that he was "too messed up" to understand the plea form and that he told the judge that the medication was not affecting him because counsel told him to answer in this way. In essence, Iacono has alleged that counsel told him to lie during the plea colloquy. We hold that, under the circumstances of this case, Iacono's claim is legally insufficient to warrant an evidentiary hearing and conclusively refuted by the record. If Iacono had truly been told to lie during the colloquy, even though he was under oath and promised to tell the truth, then Iacono had a duty to inform the judge immediately about counsel's instruction to commit perjury.
Allowing a defendant to ignore the oath and lie to the court only to later claim that he did so at counsel's instruction is against public policy as it condones perjury. See § 837.02, Fla. Stat. (describing the third-degree felony of perjury in an official proceeding). The waiver of rights form used *831 when taking a plea, the oath to tell the truth, and the plea colloquy conducted by the court would be rendered meaningless if a defendant could later claim that he was purposefully lying to the court because counsel advised him to do so. A defendant is not entitled to rely on an attorney's advice to commit perjury above the solemn oath that the defendant makes to the court to tell the truth.
Accordingly, we hold that the signed waiver of rights form and appellant's sworn statements to the court during the plea colloquy conclusively refute the postconviction claim that he was "too messed up" to understand the plea. The court asked Iacono specifically about the drugs he was taking and how he was feeling. This is not a case like Rivera v. State, 746 So.2d 542 (Fla. 2d DCA 1999), where the trial court made only a generic inquiry and the defendant merely answered yes or no to standard questions. Rivera was not asked specifically about his medication although he was taking several psychotropic drugs and experiencing "auditory hallucinations the entire time he was in detention." Id.
We acknowledge that a written plea form and answers to general questions during a plea colloquy may not be sufficient to refute certain claims in some cases. See State v. Leroux, 689 So.2d 235 (Fla.1996). In this case, however, the court's inquiry and appellant's response regarding the medication he was taking and its effects on him were specific. Appellant had taken the medication the night before, and he denied that it was affecting his judgment or ability to understand the proceeding. Appellant answered all questions during the colloquy appropriately. We are confident that the trial court would have ordered a competency evaluation if appellant had shown outward signs that he was not mentally competent to enter a plea at the time. See Fla. R.Crim. P. 3.210(b). We encourage trial judges to inquire into matters such as a defendant's mental illness or medication when deciding whether to accept pleas. Defense attorneys and prosecutors are also encouraged to raise any issues concerning the defendant's mental state or medication at the time of the plea so that an adequate record is made for review.
The allegation that Iacono's sworn statements were falsely made because counsel instructed him to lie is legally insufficient to warrant an evidentiary hearing in this case. If a defendant is instructed by counsel to ignore a court's instructions and the oath to tell the truth, then the defendant must speak up and immediately inform the court. We cannot condone perjury and squander judicial resources by requiring evidentiary hearings on all claims of this kind.[1] As the fifth district recently held in Henry v. State, 920 So.2d 1245, 1246 (Fla. 5th DCA 2006):
This motion presents the all too common occurrence where defendants, in an attempt to invalidate their pleas, contend they committed perjury when they sought to have their pleas accepted. Defendants are bound by the statements made by them under oath; they are not entitled to have their plea set aside by later claiming the plea was involuntary based on their allegedly perjured testimony.
Defendants have a duty to uphold the solemn oath they take to tell the truth. They are bound by their sworn answers during the colloquy. They cannot disregard the oath and later claim it was done at counsel's direction. Allowing this type *832 of claim would undermine the purposes behind the oath to tell the truth, the plea forms, and the plea colloquy's determination of voluntariness. See Fla. R.Crim. P. 3.172(c). We align ourselves with the fifth district's holding in Henry and hold that this claim was insufficient, otherwise refuted by the record, and properly denied.
GUNTHER, WARNER and HAZOURI, JJ., concur.
NOTES
[1] We in no way mean to infer that Iacono's lawyer in fact instructed him to make false statements.