938 So.2d 555 (2006)
JAMES W. DAVIS, III, Appellant,
v.
STATE OF FLORIDA, Appellee.
Case No. 1D05-3156.
District Court of Appeal of Florida, First District.
Opinion filed August 22, 2006.
Appellant, pro se.
Charlie Crist, Attorney General; Sherri T. Rollison, Assistant Attorney General, Tallahassee, for Appellee.
WOLF, J.
James W. Davis appeals the order denying his motion for postconviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, based on ineffectiveness of appellant's counsel. Appellant's claims are refuted by the record of the plea colloquy, as well as his own postconviction motion; we affirm. See Nixon v. State, 31 Fla. L. Weekly S245, 246 (Fla. Apr. 20, 2006).
First, while suggesting his counsel was ineffective for failing to adequately prepare and research exculpatory evidence available to him prior to trial, the appellant does not and cannot assert he was unaware of his counsel's alleged deficiency at the time he entered his plea. In fact, the appellant concedes that prior to the entry of his plea, while under the effects of his medication, he argued adamantly with his lawyer regarding his counsel's failure to properly prepare his case. The appellant specifically mentions suggesting to his counsel prior to the entry of his plea that (1) the bite marks be analyzed for a match to his teeth (to see if it matches his teeth); (2) his medications be analyzed for side effects; (3) his ability to engage in sexual intercourse based on health concerns be investigated; (4) his counsel investigate the identity of a woman known as Lisa Davis; and (5) his counsel investigate the co-defense of voluntary intoxication. Thus, the appellant cannot assert that his plea was not knowingly and voluntarily entered where he concedes he was well aware of his counsel's deficiencies prior to the entry of his plea.
In addition, at his plea colloquy, the appellant stated in pertinent part,
THE COURT: Now, is anybody forcing you to enter this plea against your will?
THE DEFENDANT: No, sir.
THE COURT: Have you had any alcohol or drugs or medications within the last 24 hours?
THE DEFENDANT: Just some medication.
THE COURT: And what type of medication?
THE DEFENDANT: Antidepressant medication
THE COURT: Does that affect your ability to understand anything that's being discussed with you?
THE DEFENDANT: No, sir.
THE COURT: Does it cause you to hallucinate or anything such as that?
THE DEFENDANT: No, sir.
. . . .
THE COURT: Are you satisfied with his [your attorney's] services?
THE DEFENDANT: Yes, sir.
THE COURT: Are you doing this because you think it is in your best interest?
THE DEFENDANT: Yes, sir.
An appellant is not entitled to go behind sworn representations made to the court in a postconviction proceeding. See Stano v. State, 520 So. 2d 278, 280 (Fla. 1988). In the instant case, the appellant clearly states on record that he was satisfied with his attorney's services. Thus, he cannot now assert that at the time of the plea's entry he had serious doubts about his attorney's effectiveness. In his motion, the appellant appears to assert that he was unable to speak out about his concerns due to the effects of his antidepressant medication, Celexa. However, this claim is likewise refuted by the record.
Not all plea colloquies will be sufficient to refute an allegation that a plea was involuntarily entered due to the defendant's use of medication at the time of the plea's entry. See Iacono v. State, 31 Fla. L. Weekly D1558 (Fla. 4th DCA June 7, 2006). However, where the facts show that (1) a trial court sufficiently inquired into the appellant's use of medication and asked specific questions about the medication's affect on the defendant, and (2) the defendant appeared lucid during the plea colloquy, the defendant's affirmations that his medication did not affect the knowing and voluntary nature of his plea will refute a claim of ineffective assistance of counsel for failure to object to the plea's entry. Id. Here, the trial court inquired about the appellant's use of medication and the effects of the medication on his ability to understand his plea or the plea discussion. The appellant denied any ill effects and throughout the course of the plea colloquy appeared lucid. As such, the appellant's claim regarding the effects of his medication on his ability to enter a knowing and voluntary plea is conclusively refuted by the record, and the trial court correctly denied the claim summarily.[1]
Further, many of appellant's claims are contradicted by his own allegations. For example, he admits within his motion that he ran into the victim, became entangled with her, pulled his knife, and may have accidentally cut her. It is, therefore, unclear how any evidence of bite marks or forensics can be pertinent where the appellant admits his involvement in the scuffle but challenges his intent to commit the charged offenses.
Affirm.
KAHN, C.J., CONCURS; BENTON, J., DISSENTS.
NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED
NOTES
[1] We would also note that the trial court held a limited evidentiary hearing without addressing several of the specific claims discussed in appellant's memorandum which the trial court summarily denied. However, during the course of the evidentiary hearing, the appellant's former attorney stated that the appellant appeared lucid and competent to enter a plea.