PER CURIAM.
 

 Joseph Pembrook appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. We affirm the denial of three of Pembrook’s four claims which improperly attempted to go behind his plea and raise known issues that were waived by entry of the plea.
 
 See Stano v. State,
 
 520 So.2d 278 (Fla.1988);
 
 Gidney v. State,
 
 925 So.2d 1076 (Fla. 4th DCA 2006). Pembrook’s allegations that counsel coerced him to enter a plea and that he wanted to go to trial are conclusively refuted by the record. The transcript of the plea hearing shows that counsel urged Pembrook to challenge the charges at trial, but Pembrook insisted on entering a plea. Pembrook is bound by his sworn assertions during the plea colloquy that he did not want to go to trial and wanted to enter the plea.
 
 Iacono v. State,
 
 930 So.2d 829 (Fla. 4th DCA 2006).
 

 Pembrook filed a timely supplemental motion, however, arguing scoresheet error. Pembrook alleged that the State had improperly scored three second-degree burglaries on the scoresheet. While the degree of the burglary offenses does not directly affect the scoring, Pembrook is correct that burglary of a dwelling is scored as a Level 7 offense which incurs more points than burglary of a structure, a Level 4 offense. § 921.0022(3), Fla. Stat. (2003). The records attached by the State to its response below showed that Pem-brook had two prior burglary of a dwelling convictions and two prior burglary of a structure convictions. In this appeal, the State concedes that it appears that the scoresheet improperly included three Level 7 burglary offenses and one Level 4 burglary offense as prior record. The scoresheet should have scored two Level 7 burglaries and two Level 4 burglaries.
 

 The trial court sentenced Pembrook to the lowest permissible sentence under the scoresheet. Under a corrected scoresheet, the lowest permissible sentence would be reduced by 11.6 months. The record does not demonstrate that the trial court would have imposed the same sentence under a correct scoresheet, so the error is not harmless.
 
 State v. Anderson,
 
 905 So.2d 111 (Fla.2005) (holding that the “would-have-been-imposed” harmless error standard applies to scoresheet errors raised in rule 3.850 motions). Accordingly, we reverse and remand for further proceedings. On remand, if the State is unable to show that the scoresheet was properly calculated, then Pembrook must be resentenced under a corrected scoresheet.
 

 FARMER, STEVENSON and SHAHOOD, JJ., concur.