THOMAS, J.
 

 We affirm the trial court’s order denying relief in this collateral criminal appeal. The trial court denied Appellant’s motion filed under Florida Rule of Criminal Procedure 3.850 without a hearing; thus, we review this matter under the standard set out in Florida Rule of Appellate Procedure 9.141(b)(2)(D).
 

 Appellant’s claims are conclusively refuted by the record; thus, we find no error with the trial court’s decision to deny the motion without a hearing. Additionally, we find Appellant’s appeal to be frivolous under section 944.279, Florida Statutes (2008), and refer him to the Department of Corrections for discipline procedures in accordance with that section. This opinion constitutes the written findings required under that section.
 

 Judicial Inquiry and Findings
 

 Section 944.279(1), Florida Statutes (2008), specifically provides that a court may “at any time” determine whether a collateral criminal proceeding is filed in good faith. This statute equates a lack of “good faith” with a determination that the collateral action was “frivolous.”
 
 See
 
 § 944.279(1), Fla. Stat. (stating that when a court finds that an inmate files a “frivolous or malicious collateral criminal proceeding,” the inmate is subject to “disciplinary procedures pursuant to the rules of the Department of Corrections”); § 944.28(2)(a), Fla. Stat. (authorizing the Department of Corrections to forfeit gain-time when an inmate files a “frivolous suit, action, claim, proceeding, or appeal”).
 

 We find that Appellant filed a frivolous motion for postconviction relief in the trial court, thus abusing the judicial process, and then compounded the abuse by filing a frivolous appeal. We do not address whether the trial court should have imposed sanctions under section 944.279, but note that any court is authorized to report a frivolous or malicious collateral criminal proceeding to the Department of Corrections for disciplinary proceedings under the plain terms of the law.
 

 On January 29, 2008, law enforcement officers responded to a burglary call and found Appellant in the home. After the
 
 Miranda
 
 warnings were read, Appellant confessed he intended to steal the home’s air conditioning handling unit. Appellant was charged with burglary of a dwelling and possessing burglary tools. The State filed a notice of intent to classify Appellant as an habitual felony offender.
 

 The trial court held three status hearings. During the first two hearings, Appellant repeatedly argued he had been offered 21 months in prison, and he wanted to accept that offer. The prosecutor, Appellant’s counsel, and the trial court repeatedly explained that no such offer existed. Appellant then offered to serve seven years in prison, and the State rejected that offer in open court. The prosecutor explained several times that Appellant’s options were to either go to trial or plead straight to the court.
 

 A third hearing was held. Appellant decided to plead guilty and serve 10 years in prison in exchange for the second charge being
 
 nolle proseqtded.
 
 During the proceeding, Appellant testified under oath that he was satisfied with his appointed counsel, the plea was entered with his full knowledge and consent, he had not
 
 *1040
 
 been threatened or intimidated into entering the plea, and there was nothing he wanted his attorney to investigate. When the prosecutor recited the factual basis for the charge on the record, Appellant initially disputed that he entered the home with the intent to steal; however, upon questioning by the trial court, Appellant admitted he entered the house with the intent to take the air conditioning handling unit for the copper contained within. Based on this admission, the trial court found the plea was supported by a factual basis.
 

 On February 9, 2009, Appellant filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Appellant’s principal arguments were that appointed counsel was ineffective because she “threatened” him with 30 years in jail; she offered plea deals for 20 years, 15 years, and 21 months, but then took them away; and she failed to investigate whether the State had DNA or fingerprint evidence. Additionally, Appellant argued the evidence was insufficient to charge him with burglary, his plea was involuntary, and he was denied the right to appeal.
 

 The State refuted Appellant’s claims, and attached evidence and hearing transcripts supporting its position. The post-conviction court adopted the State’s response, denied Appellant’s motion without a hearing, and attached portions of the record supporting the denial.
 

 As found by the trial court, the record conclusively refutes Appellant’s claims. The record is void of any evidence to support his claims regarding the supposed plea offers and voluntariness of his plea; Appellant was not offered a plea deal for less than 10 years’ imprisonment, and he affirmatively testified that his plea was voluntary and not coerced.
 

 Further, by pleading guilty to the charges, Appellant waived his right to have counsel investigate or put forward a defense.
 
 Davis v. State,
 
 938 So.2d 555, 557 (Fla. 1st DCA 2006) (“An appellant is not entitled to go behind sworn representations made to the court in a postconviction proceeding.”). Where a defendant enters a plea and swears that he is satisfied with his counsel’s advice, he may not later attack counsel’s effectiveness for failure to investigate or defend the charge. As the Florida Supreme Court stated more than two decades ago, “claims regarding ineffectiveness of counsel’s assistance ... are an attempt to go behind the plea.... By insisting on pleading guilty ... [appellant] rendered any further investigation pointless.”
 
 Stano v. State,
 
 520 So.2d 278, 279-80 (Fla.1988). Thus, Appellant’s argument that his counsel was ineffective for failing to investigate is meritless.
 

 The trial court also properly rejected Appellant’s frivolous claim that, despite his guilty plea, he could not be convicted of burglary. “Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack.”
 
 Smith v. State,
 
 445 So.2d 323, 325 (Fla.1983). Further, claims of insufficient evidence have long been held to be procedurally barred in collateral proceedings.
 
 Burr v. State,
 
 518 So.2d 903, 905 (Fla.1987). Thus, it is frivolous for Appellant to attack the sufficiency of the evidence of his conviction in a rule 3.850 motion.
 

 Finally, Appellant was not denied the right to appeal; our records indicate Appellant filed a
 
 pro se
 
 appeal following his conviction, but it was dismissed because he failed to reconcile the filing fee.
 

 We hold that Appellant’s appeal of the trial court’s order denying relief in this collateral criminal proceeding is frivolous. We direct the clerk of this court to forward a certified copy of this opinion to the
 
 *1041
 
 appropriate correctional institution for the imposition of disciplinary proceedings against Appellant, in accordance with section 944.279, Florida Statutes (2004).
 

 AFFIRMED. Certified Opinion FORWARDED to the Department of Corrections.
 

 ROBERTS and MARSTILLER, JJ., concur.