STEVENSON, J.
 

 We affirm the trial court’s order summarily denying appellant’s Rule 3.850 motion and amended motion for postconviction relief.
 

 Appellant’s motion and amended motion raised procedurally-barred claims that his plea was involuntary due to ineffective assistance of counsel and appellant’s alleged misunderstanding as to the possible sentence. This court rejected these claims on direct appeal.
 
 Alfred v. State,
 
 998 So.2d 1197 (Fla. 4th DCA 2009) (holding that plea colloquy conclusively showed that appellant was not entitled to relief on his claim that counsel misadvised him as to the potential sentence and holding that any deficiency of trial counsel did not prejudice appellant). A Rule 8.850 motion cannot be used to litigate issues that could have been or were raised and rejected on direct appeal.
 
 Teffeteller v. Dugger,
 
 734 So.2d 1009, 1016 (Fla.1999);
 
 see also Brown v. State,
 
 596 So.2d 1026, 1028 (Fla.1992) (“Raising a different argument in a rule 3.850 motion to relitigate an issue raised and rejected on direct appeal is inappropriate.”).
 

 Further, as we already held in the direct appeal, appellant’s allegation that he believed his sentence would be capped at fifteen years is thoroughly refuted by the record. Appellant’s new allegation, which he raised for the first time in his amended posteonviction motion — that counsel coached him to lie during the plea colloquy — does not require an evidentiary hearing. A defendant is bound by his sworn answers during a plea colloquy and cannot later disavow those answers by asserting that he lied during the colloquy at counsel’s direction.
 
 Iacono v. State,
 
 930 So.2d 829, 831 (Fla. 4th DCA 2006);
 
 see also Polk v. State,
 
 56 So.3d 804, 808 (Fla. 2d DCA 2011) (agreeing that “a defendant should be estopped to receive an evidentia-ry hearing on a postconviction claim when the basis of the claim is that he lied under oath at the relevant hearing”).
 

 Affirmed.
 

 TAYLOR and CONNER, JJ., concur.