PER CURIAM.
Earnest Nettles appeals the summary denial of a rule 3.850 motion. We reverse the denial of claim 4.
Nettles was convicted of trafficking in oxycodone and conspiracy to traffic in oxy-codone and sentenced to ten years in prison on each count. In claim 4 of his rule 3.850 motion, he alleged his attorney provided ineffective assistance in failing to confirm the prior convictions on the Criminal Punishment Code scoresheet and failing to offer or have the state counteroffer a plea. Nettles denied that he was ever convicted of some offenses listed on his scoresheet, including credit card fraud, grand theft auto, burglary, and robbery. He alleged there were 9.2 more points on his scoresheet than there should have been. Removing these points would reduce the lowest permissible sentence from 65.4 months to 58.5 months.
The state argued below and on appeal that the claim is speculative and facially insufficient because he did not show deficient performance or prejudice.
We affirm the denial of this claim as to counsel’s failure to offer or have the state counteroffer a plea. However, Nettles’ claim of a scoresheet error is facially sufficient and is not refuted by the record.
The record does not conclusively show that Nettles in fact has these prior convictions or that the trial court would have imposed the same sentence with a corrected scoresheet. State v. Anderson, 905 So.2d 111 (Fla.2005); Pembrook v. State, 2 So.3d 371 (Fla. 4th DCA 2008). An evi-dentiary hearing may be needed to determine Nettles’ prior convictions. Rodriguez v. State, 1 So.3d 1255 (Fla. 4th DCA 2009). Accordingly, we reverse and remand for further proceedings on this claim. The summary denial of the remaining claims is affirmed.
WARNER, GROSS and LEVINE, JJ., concur.