# Third District Court of Appeal

## State of Florida

Opinion filed June 07, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-644
Lower Tribunal No. 10-1953B
_____

**Wilber Rodriguez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Rodolfo Ruiz, Judge.

Wilber Rodriguez, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before ROTHENBERG, SALTER, and FERNANDEZ, JJ.

ROTHENBERG, J.

Wilber Rodriguez ("the defendant") appeals the trial court's order denying his motion for postconviction relief and to vacate the judgment and sentence pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.

On December 2, 2013, pursuant to a negotiated plea with the State, the defendant, who was facing the possibility of consecutive life sentences, pled guilty to grand theft in the third degree, second degree murder, grand theft auto, and kidnapping, in exchange for a sentence to be determined by the trial court, but which was specifically limited to a range of 24.425 years in state prison (which was the bottom of the sentencing guidelines) to 40 years in state prison. The record reflects that prior to the entry of his plea, the defendant had confessed to committing these crimes and his confession was confirmed by physical evidence, including his DNA and fingerprints found at the various crime scenes. When the defendant entered his plea, he was fully colloquied by the trial court as to his understanding of the plea, the rights he was waiving, and that the plea was being entered without any promises having been made to the defendant as to the sentence other than that it would be between 24.425 and 40 years in state prison.

On January 30, 2014, after conducting a full sentencing hearing at which the defendant's trial counsel submitted a sentencing memorandum, letters in support of the defendant, and other mitigation materials, the trial court sentenced the defendant to 40 years in state prison. Thereafter, the defendant filed a motion to

withdraw his plea alleging that: (1) his trial counsel promised him the trial court would sentence him to fifteen years state prison followed by five years of probation; (2) he entered his plea because he knew his attorneys had not fully investigated the case and they were not prepared for trial; and (3) his trial counsel failed to present any mitigation at the sentence hearing. The trial court denied the motion, and the defendant appeals the order subsequently entered by the trial court.

The record, which includes the plea colloquy, clearly refutes these claims, and under Florida law, a defendant is bound by the statements he makes under oath during a plea colloquy. See Henry v. State, 920 So. 2d 1245, 1246 (Fla. 5th DCA 2006) ("This motion presents the all too common occurrence where defendants, in an attempt to invalidate their pleas, contend they committed perjury when they sought to have their pleas accepted. Defendants are bound by the statements made by them under oath . . . ."); Iacono v. State, 930 So. 2d 829, 831-32 (Fla. 4th DCA 2006) (holding that defendants "are bound by their sworn answers" during a plea colloquy). As the Fourth District Court of Appeal stated in Scheele v. State, 953 So. 2d 782, 785 (Fla. 4th DCA 2007), "[a] plea conference is not a meaningless charade to be manipulated willy-nilly after the fact; it is a formal ceremony, under oath, memorializing a crossroads in a case."

When the defendant entered his plea, he swore under oath that no one had made any promises to him; no one had told him what sentence the trial court would

impose; he had met with trial counsel on a number of occasions; and he was satisfied with counsel's services and advice. The defendant also confirmed that there were no other witnesses, documents, or evidence he wanted his counsel to investigate on his behalf. The defendant is, therefore, bound by these answers. See Alfred v. State, 71 So. 3d 138, 139 (Fla. 4th DCA 2011) (holding that Alfred's claim that counsel coached him to lie during the plea colloquy did not require an evidentiary hearing); Smith v. State, 41 So. 3d 1037 (Fla. 1st DCA 2010) (holding that "[w]here a defendant enters a plea and swears that he is satisfied with his counsel's advice, he may not later attack counsel's effectiveness for failure to investigate or defend the charge"); Davis v. State, 938 So. 2d 555, 557 (Fla. 1st DCA 2006) ("In the instant case, the appellant clearly states on the record that he was satisfied with his attorney's services. Thus, he cannot now assert that at the time of the plea's entry he had serious doubts about his attorney's effectiveness."). Accordingly, we affirm he denial of the order under review.

Affirmed.