# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-0105
_____

EDWARDO DE JUAN,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Taylor County.
Gregory S. Parker, Judge.

April 30, 2018

PER CURIAM.

Following a jury trial in 2011, Appellant was convicted of escape and sentenced to fifteen years in prison. In May 2017, Appellant filed a motion in the trial court pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, seeking to correct what Appellant claimed was an illegal sentence. In his motion, Appellant contended that the elements of escape were not met because he only went onto the roof of Taylor Correctional Institution while he was in custody and did not actually leave the prison. *See* § 944.40, Fla. Stat. (2010) (providing the elements of escape and establishing the crime as a second degree felony). Appellant therefore argued that he was at worst guilty of

attempted escape. The trial court dismissed the motion and Appellant brought this appeal.

Rule 3.800 is "not the correct procedural vehicle for attacking the merits of an underlying criminal conviction." *Echeverria v. State*, 949 So. 2d 331, 335 (Fla. 1st DCA 2007). A challenge to the sufficiency of the evidence cannot be raised in any kind of collateral postconviction motion. *See Smith v. State*, 41 So. 3d 1037, 1040 (Fla. 1st DCA 2010) ("[C]laims of insufficient evidence have long been held to be procedurally barred in collateral proceedings."). The trial court was therefore correct to dismiss the rule 3.800(a) motion.

Furthermore, even if Appellant was correct and he was guilty of only attempted escape, an attempt to escape from lawful confinement satisfies that element of the crime of escape. *See Keel v. State*, 438 So. 2d 850 (Fla. 1st DCA 1983); Fla. Std. Jury Instr. (Crim.) 27.1. Escape, whether attempted or completed, is a second degree felony under section 944.40, punishable by up to fifteen years in prison pursuant to section 775.082(3)(c), Florida Statutes (2010). Appellant's fifteen year sentence was lawful.

AFFIRMED.

B.L. THOMAS, C.J., and BILBREY and JAY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Edwardo De Juan, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.