PER CURIAM.
Affirmed. See Smith v. State, 21 So.3d 72 (Fla. 1st DCA 2009) ("It is well-settled that when a court determines whether an allegation is conclusively refuted by the record, it may rely on the sworn testimony the defendant has given in a plea colloquy. Any allegations that contradict those answers should not be entertained. As long as the defendant's sworn testimony at the plea colloquy is specific enough to refute the allegations made in a post-plea motion, it may form the basis for a determination that the allegation is conclusively refuted by the record.") (citations omitted), See also Alfred v. State, 71 So.3d 138, 139 (Fla. 4th DCA 2011) ("A defendant is bound by his sworn answers during a plea colloquy ...."); Terrell v. State, 9 So.3d 1284, 1289 (Fla. 4th DCA 2009) ("The defendant is [ ] bound by his sworn answers during the colloquy.").