# Third District Court of Appeal

## State of Florida

Opinion filed January 18, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1953
Lower Tribunal Nos. F19-19465, F19-15354, F19-15353, F19-15355, and
F19-19429

_____

**Amos Walker,**

Appellant,

vs.

**The State of Florida,**

Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Amos Walker, in proper person.

Ashley Moody, Attorney General, for appellee.

Before EMAS, HENDON and BOKOR, JJ.

PER CURIAM.

Affirmed. See Rodriguez v. State, 223 So. 3d 1095, 1097 (Fla. 3d DCA 2017) (affirming trial court's denial of a motion for postconviction relief seeking to vacate a judgment and sentence entered pursuant to a negotiated plea, observing: "The record, which includes the plea colloquy, clearly refutes these claims, and under Florida law, a defendant is bound by the statements he makes under oath during a plea colloquy. See Henry v. State, 920 So. 2d 1245, 1246 (Fla. 5th DCA 2006) ('This motion presents the all-too-common occurrence where defendants, in an attempt to invalidate their pleas, contend they committed perjury when they sought to have their pleas accepted. Defendants are bound by the statements made by them under oath ....'); Iacono v. State, 930 So. 2d 829, 831-32 (Fla. 4th DCA 2006) (holding that defendants 'are bound by their sworn answers' during a plea colloquy). As the Fourth District Court of Appeal stated in Scheele v. State, 953 So. 2d 782, 785 (Fla. 4th DCA 2007), '[a] plea conference is not a meaningless charade to be manipulated willy-nilly after the fact; it is a formal ceremony, under oath, memorializing a crossroads in a case.')")