# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-1877
LT Case No. 2018-CF-7094-A

_____

TIMOTHY CARVER,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

3.850 Appeal from the Circuit Court for Duval County.
London M. Kite, Judge.

Timothy Carver, Blountstown, pro se.

No Appearance for Appellee.

May 10, 2024

PER CURIAM.

Appellant Timothy Carver appeals the postconviction court's summary denial of his Florida Rule of Criminal Procedure 3.850 motion. We affirm in part, reverse in part, and remand for further proceedings.

# I.

Appellant was charged with four counts of attempted second degree murder (counts one through four), and two counts of shooting deadly missiles (counts five and six). The case went to trial in May 2019. Appellant presented no evidence in his defense. Before the defense rested, the following exchange occurred:

> [Appellant's attorney]: Your Honor, I will say for the record, and I'll ask the Court to ask the defendant if I'm telling the truth, that I left this purely up to my client and that I explained to him that he had the absolute right to testify and I explained to him the ramifications, not only would he testify but then the state would get to cross examine him about each and every bit of what he testified about, but they'd have wide latitude including things such as recordings or pieces of evidence, physical evidence. They can ask him about anything like that and then – but it was still up to him and not to me and I never even told him my preference as to what I think is better or not, but I just went through all the ramifications with him so he truly is not being influenced by what I thought or what his percentages was or whether it's a good idea or bad idea and that kind of thing. I'd ask the Court to ask him about those things.

> The Court: Did you have that discussion with (Appellant's attorney) Attorney Boston?

> [Appellant]: Yes, sir.

> The Court: And it's purely your decision whether or not you testify here this morning, is that correct?

[Appellant]: Yes, sir.

The Court: And it's your decision, you've advised the court, that you are not testifying?

[Appellant]: Yes. . . .

The Court: All right. You understand that? You're not a convicted felon or you don't have any petit thefts or anything of that nature?

[Appellant]: No, sir. . . .

The Court: Okay. All Right. So that – so you couldn't be impeached with a prior record or a felony record. You understand that?

[Appellant]: Yes. . . .

The Court: Mr. Carver, before you sit down just one last question for you. Are you satisfied with the services of your attorney thus far?

[Appellant]: Yes, sir.

The Court: Has he done everything that you wanted him to do thus far?

[Appellant]: Yes, sir.

Appellant was convicted as charged and sentenced to 30 years in prison with a 20-year minimum mandatory on counts one through four, and five years in prison on counts five and six. Counts one through four were run concurrent to one another, as were counts five and six, but counts one through four were run consecutive to counts five and six. On appeal, the First District affirmed. *Carver v. State*, 295 So. 3d 228 (Fla. 1st DCA 2020) (table decision).

3

The postconviction court struck Appellant's initial Rule 3.850 motion because it lacked the requisite oath and language certification, and it gave him leave to file an amended motion. On January 25, 2023, Appellant filed his amended Rule 3.850 motion, in which he raised four grounds of ineffective assistance of counsel. The postconviction court summarily denied his amended motion, and Appellant has appealed that summary denial.

## II.

In his first ground, Appellant argued that his trial counsel was ineffective for failing to claim stand-your-ground immunity before trial. Appellant asserted, without elaboration, that a victim in this case was the aggressor and had assaulted, battered, and stalked his "Home, Family, Pets, and other personal property and friends." The postconviction court summarily denied this claim, explaining that Appellant's counsel argued at trial that Appellant was not the shooter, and during the colloquy that we quote above, Appellant said that his counsel had done everything he wanted his counsel to do. The court extrapolated from Appellant's statements during the colloquy that "it appears [Appellant] agreed with the theory of defense and since that defense was based on the claim that he was not the shooter, counsel had no basis to seek immunity from prosecution."

We think that, when taken in context, Appellant's statements during the colloquy were too general to conclusively foreclose his postconviction assertion of this ineffective-assistance claim. *See State v. Leroux*, 689 So. 2d 235, 237 (Fla. 1996). During the colloquy, the court did not question Appellant concerning his satisfaction with his counsel's pretrial strategy regarding a potential stand-your-ground defense, or his counsel's trial strategy of a mistaken-identity defense. Rather, the colloquy focused on Appellant's decision not to testify or present evidence at trial. That Appellant decided not to testify at trial and was satisfied with his counsel's services in that regard does not conclusively contradict his stand-your-ground ineffective-assistance claim.

Although we will reverse and remand the summary denial of this claim for the reasons just explained, we also note that Appellant's motion failed to establish a facially sufficient claim

4

because it failed to allege sufficient facts demonstrating the applicability of a stand-your-ground defense. *See Patton v. State*, 784 So. 2d 380, 386 (Fla. 2000); *Baeza v. State*, 351 So. 3d 167, 169–70 (Fla. 2d DCA 2022); *see also* §§ 776.012(2), 776.013(1)(b), 776.031(2), 776.032, Fla. Stat. (2018). However, Appellant was never put on notice of this insufficiency; the postconviction court notified him only of his failure to meet the Rule's oath and language certification requirements. Because Appellant has not yet been put on notice of the facial insufficiency of this claim, on remand, Appellant should be allowed an opportunity to file an amended claim. *See Acevedo–Soto v. State*, 278 So. 3d 919, 920 (Fla. 5th DCA 2019); Fla. R. Crim. P. 3.850(f)(3).

In his second ground, Appellant argued that his trial counsel was ineffective for failing to conduct an independent pretrial investigation into the facts of his case. Appellant alleged that his counsel failed to interview and then call at trial available witnesses who would have established that one of the victims—his ex-girlfriend—had stalked him and done certain violent things to him and his belongings. He argues that the witnesses' testimony would have supported a defense that he acted in self-defense and never intended to harm anyone. As with the first ground, the postconviction court denied this claim based on the colloquy that we quote above. Furthermore, the court noted that Appellant's ex-girlfriend resumed her relationship with him between the date of the incident and the date of his arrest, and her trial testimony "was directed at minimizing or explaining the incriminating statements she originally gave" to law enforcement that had identified Appellant as the shooter. The other two victims testified that the shooter, without provocation, fired rounds into their house and their yard-parked vehicle while they were inside the home. The court reasoned that the nature of all this testimony left Appellant without any basis to portray the victims as the aggressors.

We think that Appellant's statements during the colloquy were too general to conclusively foreclose his postconviction assertion of this ineffective-assistance claim. Moreover, to the extent the postconviction court determined that Appellant's counsel made a permissible strategic decision not to portray the victims as the aggressors, this conclusion would require an evidentiary hearing. *See Hamilton v. State*, 915 So. 2d 1228, 1231

(Fla. 2d DCA 2005). And while we reverse and remand the summary denial of this claim for the reasons just explained, we also note that this claim was insufficiently pled. To set forth a facially sufficient claim for ineffective assistance for failure to call or investigate an available witness, a defendant must, among other things, provide the substance of the witness's testimony and explain how the lack of that testimony prejudiced the outcome of his trial. *See Nelson v. State*, 875 So. 2d 579, 582 (Fla. 2004). Appellant's motion failed to state with specificity what each witness would have testified. Instead, it made general factual assertions that he alleged the witnesses collectively would have supported. As with the first ground, Appellant has yet to receive notice of this facial insufficiency, and on remand, he should be allowed an opportunity to file an amended claim.

In his third ground, Appellant argued that his trial counsel was ineffective for advising him not to testify. We conclude that the record—in particular, the colloquy that we quote above—conclusively refutes this claim. Appellant's under-oath statements during the colloquy establish that he knowingly and voluntarily chose not to testify at trial. *See McClenney v. State*, 351 So. 3d 649, 651 (Fla. 3d DCA 2022); *Roberts v. State*, 307 So. 3d 808, 811 (Fla. 2d DCA 2018). Appellant cannot use his Rule 3.850 motion as a vehicle to contradict his sworn testimony. *See Henry v. State*, 920 So. 2d 1245, 1246 (Fla. 5th DCA 2006); *Iacono v. State*, 930 So. 2d 829, 831 (Fla. 4th DCA 2006). Therefore, we affirm the postconviction court's summary denial of this claim.

In his fourth ground, Appellant argued cumulative error. We reverse and remand the summary denial of ground four for the postconviction court to reconsider the claim after it reassesses grounds one and two. *See Batista–Irizarry v. State*, 266 So. 3d 254, 258 (Fla. 5th DCA 2019).

## III.

The postconviction court properly summarily denied Appellant's claim in ground three of his amended Rule 3.850 motion because the record conclusively refutes it. The claims in grounds one, two, and four, however, were not at this juncture liable to summary denial without leave to amend. While these

6

claims were facially insufficient, until our decision, Appellant lacked notice of the insufficiency. We therefore reverse and remand so Appellant may have an opportunity to file an amended motion. Our opinion should not be taken to preclude the postconviction court from determining anew whether the record—including the victims' trial testimony—conclusively refutes any amended claim that Appellant may assert on remand.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.

LAMBERT, BOATWRIGHT, and PRATT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____