# Third District Court of Appeal

## State of Florida

Opinion filed April 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0735
Lower Tribunal No. F23-19379
_____

**Ira Toomer,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ellen Sue Venzer, Judge.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, and Kristen Kawass, Assistant Regional Counsel, for appellant.

James Uthmeier, Attorney General, and Richard L. Polin, Chief Assistant Attorney General, for appellee.

Before EMAS, MILLER and LOBREE, JJ.

EMAS, J.

## INTRODUCTION

Ira Toomer appeals the trial court's order denying his motion to withdraw plea, following a sentence imposed pursuant to a negotiated plea. We affirm, and hold that the trial court did not abuse its discretion in summarily denying Toomer's motion to withdraw his plea, as the underlying bases for the motion were conclusively refuted by the record, including Toomer's own statements under oath during the plea colloquy.

## FACTS AND PROCEDURAL HISTORY

Toomer was arrested and charged with Aggravated Assault with a Deadly Weapon (a third-degree felony) and Aggravated Battery on a Pregnant Victim with a Deadly Weapon (a first-degree felony), in September 2023 (case number F23-19379). The trial court appointed the Public Defender's Office to represent Toomer, and the State and defense entered into negotiations to resolve the case without a trial. During this same time, a new aggravated assault case emerged (F24-4195), but the State had not yet filed formal charges against Toomer.

In March 2024, the defense made a global counter-offer, which the State agreed to: Toomer would plead guilty to the charges of Aggravated Assault and Aggravated Battery in F23-19379, in exchange for a sentence of thirty-six months in state prison, and the State would announce a "no

2

action" on the as-yet-filed aggravated assault charge in F24-4195. There was also an unrelated misdemeanor charge, for which Toomer would plead guilty in county court and would receive a sentence equal to the amount of time he had already spent in the county jail ("credit time served" or "CTS").

The State announced the negotiated global plea in open court and on the record, with Toomer and his counsel present:

> STATE: Judge, the counteroffer that was **made by defense** was 36 months, and then CTS for the misdemeanor that is pending if we can do it. I don't know if there is a way.
>
> [. . .]
>
> COURT: What misdemeanor? I have aggravated assault with a deadly weapon.
>
> STATE: There is a misdemeanor as well.
>
> DEFENSE: They just dropped the A-form.
>
> STATE: I will speak to the misdemeanor prosecutor to let them know we are okay with CTS. It is obviously not going to interfere with the 36 months state prison. In exchange, we would announce a no action on the new aggravated assault case. It has not come in yet. It is pending arraignments. I have spoken to the victim and she is okay with this . . . .
>
> COURT (to defense counsel): That is what **he [the defendant] has offered**?
>
> DEFENSE: Yes, your honor.
>
> COURT (to Toomer): **Is that what you want to do, Mr. Toomer?**

3

DEFENDANT: **Yes.**

Toomer was placed under oath for the plea colloquy with the trial court which included, inter alia, the following inquiries:

COURT: Mr. Toomer, do you understand you are pleading guilty to the charges against you?

DEFENDANT: Yes.

COURT: **Has anyone threatened you or coerced you in any way** to take this plea?

DEFENDANT: **No.**

COURT: **Are you under the influence of any drugs or alcohol** as you stand here right now?

DEFENDANT: **No.**

COURT: **You believe this plea is in your best interest?**

DEFENDANT: **Yes**.

COURT: **Do you suffer from any mental illness** that could affect your ability to make decisions on your own behalf?

DEFENDANT: **No.**

COURT: You understand if you are not a United States citizen, you will be deported by the United States government?

DEFENDANT: Yes.

COURT: And have you had an opportunity to speak to your attorney about the immigration consequences of your plea?

DEFENDANT: Yes.

4

COURT: **Do you understand you are giving up some very important legal rights; your right to remain silent; your right to a jury trial; as well as your right to appeal?**

DEFENDANT: **Yes.**

COURT: Do you understand you are giving up ——

COURT: Do you understand you are giving up your right to call witnesses on your own behalf and to confront the witnesses of the State?

DEFENDANT: Yes .

COURT: You understand you are giving up your right to have the State to prove its case against you beyond and to the exclusion of every reasonable doubt?

DEFENDANT: Yes

COURT: **Are you satisfied with the services of your attorney?**

DEFENDANT: **Yes**.

COURT: **You have had enough time to speak with her about your plea?**

DEFENDANT: **Yes**.

COURT: **And she has explained the plea with you and answered all of your questions?**

DEFENDANT: **Yes**.

COURT: **She did all that you have asked her to do in preparation of a defense?**

DEFENDANT: **Yes**.

COURT: <u>**You are completely and totally satisfied?**</u>

DEFENDANT: <u>**Yes**</u>.

COURT: Very well. Sir, do you understand had you gone to trial and been found guilty and had I found the circumstances appropriate, you were looking at up to 35 years state prison?

DEFENDANT: Yes.

COURT: Very well. Anything else you want to say, sir?

DEFENDANT: No, ma'am.

(Emphasis added).

Based on the plea colloquy, the trial court made a finding that Toomer was alert and intelligent, that he understood the nature and consequences of his plea, and that he freely and voluntarily entered into the plea. The trial court accepted Toomer's plea of guilty, found him guilty, adjudicated him guilty, and sentenced him to thirty-six months in State prison in case number F23-19379. The State announced a "no action" on the other pending aggravated assault case (case number F24-4195).

Nine days later, on March 27, 2024, Toomer filed a motion to withdraw his plea. In his motion, Toomer asserted: (1) "He was unprepared for what happened in the courtroom;" (2) "The alleged victim signed a non-prosecution affidavit, and he was expecting to be released;" (3) "He was aggressively coerced and rushed into making a decision;" (4) "It was made

6

in the state of confusion;" and (5) "It was made against his better judgment."

A later-amended motion contained additional allegations, including that "he was aggressively coerced by the Judge, while his attorney remained passive and unsupportive," and his attorney "showed-up in court without" the non-prosecution affidavit signed by the alleged victim.

The trial court held a limited hearing on April 19, 2024, and summarily denied the motion as legally insufficient, making this finding without appointing other counsel to represent Toomer at the hearing. This appeal followed, and we review the trial court's determination for an abuse of discretion. Coley v. State, 350 So. 3d 168 (Fla. 3d DCA 2022).

**ANALYSIS AND DISCUSSION**

Under Florida Rule of Criminal Procedure 3.170(*l*), a defendant may move to withdraw his plea within thirty days after the sentence is rendered. Where (as here) such a motion is filed after sentence has been imposed, the defendant bears the burden of establishing that a "manifest injustice has occurred." Williams v. State, 919 So. 2d 645, 646 (Fla. 4th DCA 2006) (quoting Snodgrass v. State, 837 So. 2d 507, 508 (Fla. 4th DCA 2003)).

Where the record conclusively demonstrates that the defendant is not entitled to relief, the trial court does not abuse its discretion in denying the motion to withdraw the plea. Id. (holding where trial court inquiry, prior to

7

accepting plea, established that defendant said nobody forced, threatened, or coerced him into the plea and that he was satisfied with his attorney's services, the bare allegation of coercion in motion to withdraw plea was conclusively refuted by the record.).

As in <u>Williams</u>, <u>id.</u>, and <u>Wallace v. State</u>, 939 So. 2d 1123 (Fla. 3d DCA 2006), the record in this case conclusively refutes the underlying bases alleged by Toomer in his motion to withdraw plea. During the plea colloquy, Toomer indicated to the court that no one threatened or coerced him in any way; that he understood he was pleading guilty and believed the plea was in his best interest; that he understood the various rights he was giving up by pleading guilty; that his attorney did everything he asked her to do in preparation of a defense; that he was completely satisfied with the services of his attorney; that he had had enough time to speak with his attorney about his plea; and that his attorney explained the plea to him and answered all of his questions. We hold that the trial court did not abuse its discretion in denying Toomer's motion as facially insufficient or otherwise conclusively refuted by the record.

Toomer also contends the trial court erred in issuing its order without first appointing conflict-free counsel, because the allegations contained in Toomer's pro se motion created an adversarial relationship between him and

8

his assistant public defender. For this proposition, Toomer relies on Sheppard v. State, 17 So. 3d 275, 287 (Fla. 2009). However, Sheppard does not require the appointment of conflict-free counsel for every case in which a defendant files a motion to withdraw his plea asserting misconduct by his attorney. The court in Sheppard outlined the procedure to be followed when a represented defendant files a pro se rule 3.170(*l*) motion to withdraw plea based on allegations purporting to give rise to an adversarial relationship (e.g., counsel's misadvice, misrepresentation, or coercion):

> In these narrow circumstances, the trial court should not strike the pleading as a nullity even though the defendant did not also specifically include the phrase, "I request to discharge my counsel." Rather, the trial court should hold a limited hearing at which the defendant, defense counsel, and the State are present. If it appears to the trial court that an adversarial relationship between counsel and the defendant has arisen **and the defendant's allegations are not conclusively refuted by the record**, the court should either permit counsel to withdraw or discharge counsel and appoint conflict-free counsel to represent the defendant.

> Id. at 287 (emphasis added).

In the instant case, the failure to appoint conflict-free counsel was not erroneous, as Toomer's allegations were conclusively refuted by record. See Snodgrass, 837 So. 2d at 509 ("Although rule 3.170(*l*) does not expressly require a trial court to hold an evidentiary hearing, . . . due process requires a hearing unless the record conclusively shows the defendant is

9

entitled to no relief.") (quoting Simeton v. State, 734 So. 2d 446, 447 (Fla. 4th DCA 1999)); Wallace, 939 So. 2d at 1125 (reiterating that "where the coercion alleged is legally insufficient or conclusively refuted by the record, there is no need to hold an evidentiary hearing or appoint conflict-free counsel.") (citation omitted); Angeles v. State, 279 So. 3d 836, 837 (Fla. 2d DCA 2019) ("When a defendant files a facially sufficient motion setting forth an adversarial relationship with counsel, the court is required to appoint conflict-free counsel unless the record conclusively refutes the motion's allegations."); see also Flemming v. State, 204 So. 3d 950, 952 (Fla. 1st DCA 2016) (holding: "Pursuant to Sheppard, 'the trial court is not required to appoint conflict-free counsel unless *both* an adversary relationship exists *and* the defendant's allegations are not conclusively refuted by the record.'") (quoting Nelfrard v. State, 34 So. 3d 221, 223 (Fla. 4th DCA 2010)).

As we have previously observed, the plea colloquy between the trial judge "is not a meaningless charade to be manipulated willy-nilly after the fact; it is a formal ceremony, under oath, memorializing a crossroads in a case." Rodriguez v. State, 223 So. 3d 1095, 1097 (Fla. 3d DCA 2017) (quoting Scheele v. State, 953 So. 2d 782, 785 (Fla. 4th DCA 2007)). Its implications are profound, representing perhaps the only time during the pendency of the prosecution in which the defendant and the trial judge

10

engage in a dialogue. The questions posed, and answers given, carry far-reaching and life-changing consequences for a defendant.

In the ordinary colloquy, the defendant is placed under oath, the questions and answers are on the record, in open court, with the prosecutor and defense counsel present. Among its many significant functions, the plea colloquy forms the foundation for the trial court's determination of whether: (1) to accept the defendant's plea of guilty (or no contest); (2) the defendant has an adequate understanding of the nature of the charges and the terms and consequences of his plea; (3) the defendant has been forced, threatened or coerced in any way to enter the plea; (4) the defendant has been promised anything in exchange for his plea; (5) the defendant understands the important rights he has and the rights he is giving up by entering his plea; (6) the defendant is aware of the potential deportation consequences of his plea; (7) there is a factual basis for the plea; (8) the defendant acknowledges his guilt (or believes the plea to be in his best interest while maintaining his innocence). See generally Fla. R. Crim. P. 3.172(a)-(e).

It is beyond peradventure that a defendant is bound by the statements he makes and answers he gives to the trial court during the plea colloquy. See Rodriguez, 223 So. 3d at 1097 ("[U]nder Florida law, a defendant is bound by the statements he makes under oath during a plea colloquy.");

11

Lopez v. State, 367 So. 3d 583, 584 (Fla. 3d DCA 2023); Walker v. State, 354 So. 3d 1146 (Fla. 3d DCA 2023); Manborde v. State, 333 So. 3d 1157 (Fla. 3d DCA 2022); Duncan v. State, 306 So. 3d 339 (Fla. 3d DCA 2020); Henry v. State, 920 So. 2d 1245, 1246 (Fla. 5th DCA 2006) ("This motion presents the all too common occurrence where defendants, in an attempt to invalidate their pleas, contend they committed perjury when they sought to have their pleas accepted. Defendants are bound by the statements made by them under oath . . . ."); Iacono v. State, 930 So. 2d 829, 831 (Fla. 4th DCA 2006) ("Defendants have a duty to uphold the solemn oath they take to tell the truth. They are bound by their sworn answers during the colloquy.").

## CONCLUSION

The trial court committed no error in summarily denying Toomer's motion to withdraw his plea, as the underlying bases for his motion were conclusively refuted by the record, including Toomer's own statements under oath during the plea colloquy.

Affirmed.